JUDGE COFER
delivered the opinion of the court.
In 1874 the' Newport & Cincinnati Bridge Co., Matthews, Ramsey & Matthews, the Pittsburgh, Cincinnati & St. Louis Railroad Co., and Murty Shea, each claiming to be a creditor of the Louisville, Cincinnati & Lexington Railroad Company, brought separate actions in the Campbell Chancery Court against the latter company, and sued out attachments against its property.
Subsequently John P. Morton and other persons claiming to be creditors of the Louisville, Cincinnati & Lexington R. R. Co., brought their suits- against that company in the Louisville Chancery Court, and sued out attachments therein.
In July, 1877, J. B. Wilder and Joshua F. Speed, who were made defendants in the suits in each court, upon notice to the parties to the suits in the Campbell Chancery Court, moved the Louisville Chancery Court to order the several cases pending in the Campbell Chancery Court to be removed into that court on the ground that attachments in the cases *188 pending in the respective courts had been levied upon the same property.
The plaintiffs in the several suits pending in the Campbell Chancery Court appeared and opposed the motion, but the court, being of the opinion that there were attachments, issued out of the actions pending in the Campbell Chancery Court, which had been levied upon the same property, in whole or in part, on which attachments issued out of the Louisville Chancery Court had also been levied, sustained the motion, and ordered that the clerk of the Campbell Chancery Court, immediately on receipt of a copy of the order, remove the papers in the several actions mentioned, and pending in that court, and deliver them, together with a certified copy of the several orders made therein, to the clerk of the Louisville Chancery Court.
That order was made July 9, 1877, and not having been obeyed, the court, on July 30, awarded a rule against the appellant, who is clerk of the Campbell Chancery Court, to appear on the second day of August to show cause why he should not be proceeded against for contempt in failing to deliver the records to the clerk of that court.
To the rule the appellant responded in substance:
1. That May 29, 1877, the' Louisville, Cincinnati & Lexington Railroad Company, and J. B. Wilder and Joshua F. Speed (the last two being the relators in this rule), parties to said suits in the Campbell Chancery Court, moved said court to remove said causes to the Louisville Chancery Court, but that said motion was by said Campbell Chancery Court overruled, "and by virtue of said ruling this respondent, as he respectfully submits, was bound to keep forever in his custody, as such clerk, the papers in said causes, unless otherwise directed by the said Campbell Chancery Court or the chancellor thereof.”
2. That May 29, 1877, by the order of the said Campbell *189 Chancery. Court, duly made in said causes, all of said causes ■were submitted to said court for consideration by it of a certain motion for an order of reference to the master, and that said records and papers “ were thereby put in the immediate custody of the chancellor of said court, and beyond the power and control of the respondent, for removal or delivery, as ordered by this honorable court; and he states that the said motion is still pending on submission, as aforesaid, and undisposed of, and said papers are still, as aforesaid, in the immediate custody of said chancellor, Hon. John W. Menzies.”
3. “That on the 26th day of July, 1877, by another order of said court the said causes were submitted to it further for the consideration of a motion that day made by the plaintiffs therein for a rule against said Wilder and Speed, to show cause why they shall not be punished for contempt of said court in proceeding in this court to obtain the removal of said causes in disregard of the adjudication of the same matter by the said Campbell Chancery Court.”
“ And this respondent shows that by said order of submission the papers of said causes were all taken by said court into the immediate custody of the said chancellor, and he states that they still so. remain, and that said motion is still pending and undisposed of.”
And he submitted that by reason of the foregoing facts it was beyond his power, either in law or in fact, to remove or •deliver the records and papers as ordered.
Wilder & Speed excepted to the response, and the court ■adjudged it insufficient, and ordered the respondent to “amend his response so as to show clearly whether said papers were in his office at the time he received a copy of the order of removal and at the time of the service of the rule on him, and where said papers were at said dates.”
In compliance with this order an amended response was filed, the material part of which reads as follows:
*190 “ That on the 29th of May, when the order of submission heretofore mentioned was made in the Campbell Chancery Court, in compliance with a rule of said court, he immediately delivered the papers in the causes mentioned in the order of removal in this court to the actual custody of the chancellor of said Campbell Chancery Court, and that the same have never been returned by the chancellor to his custody; that the said papers were, at the date of the delivery of said order of removal to the respondent, in the office of this respondent, which is also the office of the chancellor of the Campbell Chancery Court, and not in his custody or under his control for purposes of removal, without the consent of the chancellor, in whose custody the said papers were at the date of the delivery of said order of removal, and still remain, never having been restored by the chancellor to the custody of this respondent.”
Upon hearing, on', the response as amended, the court was of the opinion that the records and papers of the causes ordered to be removed were in the control of the respondent at the time he received a copy of the order of removal, and the rule to file them in the clerk’s office of the Louisville Chancery Court, as directed by the order of removal, was made absolute, and from that order the respondent has appealed.
Section 210 of the Civil Code, which is a substantial reenactment of the act of 1862, to facilitate the execution of the attachment-laws of this commonwealth (Myers’s Supp. 42), reads as follows:
“ § 210. If attachments, levied on the same property, in whole or in part, be pending in different courts.
“1. If the courts be of equal jurisdiction, either of them, or during vacation the judge thereof, may order the removal of so many of said attachments, and the actions in which they may have been issued as may be necessary to have all of them in one of said courts.
*191 “ 2. If the courts be not of equal jurisdiction, one of said courts of superior jurisdiction, or the judge thereof during vacation, may make said order of removal to one of said courts of superior jurisdiction.
“ 3. Such order may be made on the motion of any party to either of said actions, after reasonable notice to all other parties to said actions or to their attorneys; and affidavits may be read for or against said motion.
“ 4. Clerks of courts shall, pursuant to such order, immediately remove the papers in the case therein mentioned, accompanied by certified copies of the orders made therein; and, if the removal be to another county, the clerk shall have the fees allowed by law for like services in cases of change of venue — to be paid in advance by the applicant for the removal, and to be taxed in the costs, and finally paid out of the attached funds, or by such of the parties as the court may order.”
The Louisville Chancery Court and the Campbell Chancery Court are courts of equal jurisdiction, and therefore had equal right and power to order the removal of the causes pending in these courts respectively into the one or the other, if attachments issued in cases pending in each of said courts had been levied on the same property in whole or in part; and the fourth subsection makes it the duty of the clerk of the court from which cases are ordered to be removed, to immediately remove the papers in the causes mentioned in the order of removal in pursuance to such order.
The Louisville Chancery Court, having jurisdiction to hear and decide the motion for removal, the order of that court directing the causes to be removed is final and conclusive, both upon the parties and upon the clerk of the Campbell Chancery Court until reversed or set aside by regular proceedings.
Whether the order of the Campbell Chancery Court, overruling the motion of the Louisville, Cincinnati & Lexington Railroad Company for the removal of the causes, was final and *192 conclusive on all the parties, is a question that can not arise on this appeal.
That order was set up by the plaintiffs in the causes pending in the Campbell court as a bar to the motion for removal made in the Louisville court, and the latter court, in ordering the removal, necessarily decided that it was not a bar, and whether that decision was correct or not, it was not void, and as it was not void, it must be obeyed until it is reversed or vacated according to law.
It results therefore that it was the appellant’s duty to remove the records if they were in his custody or under his control when he received a copy of the order of removal.
The fact that the causes were under submission to the Campbell Chancery Court, on motions made before the order of removal was made, did not afford any reason why the order should not be obeyed.
The order of removal operated to remove the causes into the Louisville Chancery Court, and to divest the Campbell Chancery Court of jurisdiction, and after the order was made, all motions pending and under submission in that court at the time the order was made were thereafter pending and under submission in the Louisville Chancery Court. In other words, after the order of removal, the causes removed, with all motions therein, were thereafter pending in Louisville Chancery Court, just as they were pending in the Campbell Chancery Court immediately before the removal, and consequently the constructive custody of the chancellor of the Campbell Chancery Court of the records, because of the orders of submission, became eo instanti, on the making of the order, the constructive custody of the chancellor of the Louisville Chancery Court, and as the records were in the actual custody or control of the clerk of the Campbell Chancery Court, it was his duty to deliver them as ordered by the Louisville Chancery Court, and the order making the rule absolute must be affirmed.