## Alsmiller, Circuit Court Clerk, et al. v. Caudill, Circuit Judge.

(Decided Feb. 5, 1935.)

667

E. PAUL DENUNZIO and J. C. CLOYD for petitioners.

JOHN W. CAUDILL and C. B. WHEELER for respondent.

OPINION OF THE COURT BY JUDGE RICHARDSON—Denying writ.

This is an action authorized by section 110 of the Constitution for a writ of prohibition against the Honorable John Caudill, judge of the Floyd circuit court, to prevent him enforcing, or attempting to enforce, an order made by him as judge of the Floyd circuit court, on October 23, 1934, in an action of James Flannery as administrator of the estate of M. F. Martin, deceased, and Lee Martin, L. P. Martin, and Ben Webb against Dr. Ernest E. Martin, directing the removal under section 210, Civil Code of Practice, of the action of Grace Martin against Dr. Martin, pending in the Jefferson circuit court. In both actions an attachment had been issued, levied by the sheriff of Floyd county on a tract of land located in that county, and returned showing they had been levied on the same land.

Notice was executed on Grace Martin notifying her that on November 19, 1934, the plaintiffs in the action pending in the Floyd circuit court would enter a motion in that court for an order directing the removal of the attachment and of the action in which it had been issued of Grace Martin against Dr. Martin, then pending in the Jefferson circuit court. The notice, with the sheriff's return thereon showing it had been duly executed on Grace Martin, was filed in the Floyd circuit court with a motion addressed to the court for an order directing the removal of the action pending in the Jefferson circuit court, as provided by section 210, Civil Code of

Practice. The notice was filed and motion entered on October 19, 1934, and passed for hearing to October 23, 1934. Grace Martin failed to appear and object or show cause why the motion should not be sustained, and on the 23d day of October an appropriate order was entered directing the removal of the attachment and action pending in the Jefferson circuit court to the Floyd circuit court and its consolidation with the action pending in that court. It is to prohibit Judge Caudill interfering with the trial of the attachment and action of Grace Martin against Dr. Martin pending in the Jefferson circuit court, and transferring, consolidating, and adjudicating her cause of action.

She concedes that section 210, Civil Code of Practice, authorizes the removal of attachments and actions in which they have been issued as may be necessary to have all of them in one court; but she insists that, inasmuch as section 2120, Kentucky Statutes, fixed the venue of her action for divorce in Jefferson county, section 210, Civil Code of Practice does not apply, for the reason she resides in Jefferson county, and the Jefferson circuit court has exclusive jurisdiction of her cause of action. Section 76, Civil Code of Practice; section 2120, Ky. Statutes. Also she argues that, at the time of the entry of the order of removal, on the 23d day of October, her action was then submitted for final judgment, and the judge, without knowing the order for removal had been made, rendered judgment therein; and, if the order of removal shall be permitted, the judgment so rendered will be nullified.

In Schroll v. Speed, 14 Bush, 186, the rule is stated that such order of removal operated to remove and divest the court in which the action sought to be removed is pending of jurisdiction, and, after the order of removal is made, all motions pending and under submission in that court at the time the order is made are thereafter pending and under submission in the court in which the order of removal is entered, and the custody of the record by the court in which the action sought to be removed is pending, because of the order of removal, becomes eo instanti, on the making of the order of removal, in the constructive custody of the court entering the order of removal, and, as the actual custody thereof is in the clerk of his court, it becomes the latter's duty to deliver the record to the custody

of the court to which the removal is ordered. .This rule is applicable and controlling herein.

The nature of the action ordered. to be removed, that is, whether it is· an action of divorce or to sell real estate located in the county in which it is pending, is immaterial, for to determine the priority of the attachment liens necessarily requires the court to which it is removed to decide and determine the rights of the attaching parties to a judgment against the defendant in the actions, from whose judgment an appeal will lie to ths court. Grace Martin therefore has an adequate remedy without the issuance of the writ sought, which deprives her of the right to a writ of prohibition in this proceeding. Scholl v. Allen, 237 Ky. 716, 36 S. W. (2d) 353; Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672; Goodenough, Judge of Police Court, v. Ky. Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451.

The facts appearing herein do not bring her right to a writ of prohibition within the rule that this court will award it to prevent erroneous, interlocutory orders which inevitably cause inconvenience, delay, or financial outlay, the equivalent to waste or of a denial of justice. Osborn v. Wolfford, supra.

With these views, the writ of prohibitilon is denied, and the petition is dismissed.