## Marcum v. Addison Branch Land Co., Inc.

(Decided May 29, 1936.)

STEPHENS & STEELY for appellant.

H. C. KENNEDY for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Pulaski circuit court entered pursuant to the verdict of a jury. The action was filed in October, 1933, seeking to recover rents from the appellant which were claimed to be due under an alleged oil and gas lease. By amend-

ment, the appellee, Addison Branch Land Company, sought an attachment against a debt owing by the Citizens National Bank of Somerset to the appellant. Pending the determination of this action, a suit was filed in the Lawrence circuit court by the Louisa National Bank against Marcum and the Citizens National Bank of Somerset, in· which an attachment was issued against the same debt owed to Marcum by the Citizens National Bank. Steps were duly taken pursuant to section 210 of the Civil Code of Practice to remove the action and attachment pending in Pulaski county to the Lawrence circuit court, and an order of the Lawrence circuit court directing the transfer is filed in the record before us. This order is dated March 13, 1935, but the record before us does not disclose when it was received by the clerk of the Pulaski circuit court. In spite of this order, however, the parties went to trial on the merits, without objection, in the case filed in Pulaski county, in the Pulaski circuit court, on May 31, 1935, and for some reason not apparent the court directed the jury to find a verdict for the plaintiff. On June 10, 1935, the Pulaski circuit court entered an order directing the transfer of "the attachment portion" of the action to the Lawrence circuit court. On October 18, 1935, appellant's motion and grounds for a new trial were overruled, and this appeal followed.

We are confronted at the outset by the contention of appellant that under section 210 of the Civil Code of Practice the order of the Lawrence circuit court operated eo instante to divest the Pulaski circuit court of jurisdiction, and the proceedings thereafter had in that court were coram non judice. He relies on the cases of Schroll v. Speed, 77 Ky. (14 Bush) 186, and Alsmiller, Clerk, v. Caudill, Judge, 257 Ky. 666, 79 S. W. (2d) 15. In both of those cases it was held that an order of removal under section 210 operated to divest of jurisdiction the court in which the action sought to be removed was pending. In response to this contention, it is argued for appellee: (1) That the clerk of the Pulaski circuit court refused to transfer the papers in the case from Pulaski county to Lawrence county until his fees were paid; and (2) that because appellant went to trial without objection, the question of jurisdiction was waived.

There is nothing except the statement in appellee's brief to indicate that the clerk of the Pulaski circuit court refused to transfer the papers in the case, and we cannot, of course, determine the effect of this claim in the absence of anything in the record to establish its verity. We must presume that the clerk did what the order directed him to do and that the case was properly transferred, in the absence of some order or record releasing the acquired jurisdiction of the Lawrence circuit court and remanding the case to Pulaski county. The fact that the record before us contains an order transferring the "attachment portion" of the record certainly indicates that the costs must have been paid at some time or other.

Conceding arguendo that the failure of appellant to object to a trial on the merits in Pulaski county might amount to a waiver so far as he is concerned of the jurisdiction acquired in Lawrence county, or that he might be estopped now to raise the question, certainly it could not be a waiver on behalf of, or an estoppel against, the moving creditor in the Lawrence county proceeding (the Louisa National Bank) which is not a party to the action before us. This Lawrence county creditor has a vital interest not only in sustaining its attachment, but likewise in the determination of Marcum's liability to another creditor. Appellee was apprised of the interest of this creditor no less than appellant. It follows that the proceedings taken in Pulaski county subsequent to the entry of the order of removal in the Lawrence circuit court were of no effect and the judgment here complained of must be set aside. No necessity exists for passing on the merits of the appeal, and they have not, therefore, been considered.

Judgment reversed.