CASE 68—MANDAMUS—OCTOBER 13.

# Dickens v. Cave Hill Cemetery Company.

93 385
105 520

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. RIGHT TO DEVISE CEMETERY LOT.—While the owner of a lot in Cave Hill Cemetery may, under the charter and by-laws of the Cemetery Company, transfer the lot, with the consent of the company, or may, by special devise or an attested writing, say who shall, after his death, have the right of burial in his lot, he has no right to devise the lot. And in the absence of any direction in his will, or in a writing attested as required by the charter of the company, the right of burial descends to his lineal descendants.

2. MANDAMUS lies to compel an officer to perform only such duties as are strictly ministerial. The writ does not lie to control an officer's judgment and discretion.

Mandamus does not lie to compel the Cave Hill Cemetery Company to consent to the transfer of a lot, as that is a matter as to which it has a discretion. If it withholds its consent when it should give it, the remedies that equity affords in such cases are ample and complete.

Vol. 93—25

ROBERT J. ELLIOTT FOR APPELLANT.

1. Plaintiff had the right to sell and convey her cemetery lot. (Lantz v. Buckingham, 4 Lansing (N. Y.), 484.)
2. Though defendant be called a private corporation, nevertheless plaintiff is entitled to the writ of mandamus against it for the purposes prayed in her petition. (Maddox, &c., v. Graham & Knox, 2 Met. 65; Black. Com., vol. 3, p. 110; Tapping on Mandamus, chap. 3, pp. 9 and 10; Angell & Ames on Corporations, secs. 707, 699, 700, 704  705, 710, 712 and 729; Commonwealth v. St. Patrick Benevolent Society, 2 Binn., 448; Commonwealth v. Philanthropic Society, 5 Binn., 486; Commonwealth v. Pennsylvania Beneficial Inst., 2 S. & R., 141; Franklin v. Commonwealth, 10 Barr, 357; 4 Am. and Eng. Enc. of Law, pp. 289 and 391; Orr, &c., v. Bracken County, &c, 81 Ky., 593; Schmidt v. Abraham Lincoln Lodge, 84 Ky., 495.)

MORTON V. JOYES, JOHN W. BARR, JR., FOR APPELLEE.

1. Appellee is a *private*, not a *public*, corporation. (Louisville v. University of Louisville, 15 B. M., 691; 2 Kent, 309; Morawetz on Private Corporations, sec. 2.)
2. The appellee being a private corporation, mandamus does not lie against its officers. (Cook v. College of Physicians, &c., 9 Bush, 541; Schmidt v. Lodge, 84 Ky., 490.)
3. Granting that appellee is a *public* corporation, mandamus does not lie to compel its officers to do an act where they have any discretion in the matter. (Haley v. Frankfort Building Co., 4 Ky. Law Rep., 262; High's Ext. Remedies, sec. 278; State v. Canal & Clairborne Sts. R. Co., 23 La. An., 333.)
4. There is a discretion in the Board of Managers of the Cemetery Company to allow or refuse the transfer of lots as they may see fit. (Act of Feb. 9, 1864, amending charter of Cemetery Company; act of Feb. 21, 1884, amending charter of Cemetery Company.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee is an incorporated cemetery company in the city of Louisville. As such company it has the right to sell lots to persons for the burial of their dead. Martin A. Dickens, father of the appellant, bought a lot in said cemetery for a family burial ground. At his death he devised in general terms, all his estate, real and personal, to the appellant, except one  dollar in money, which he devised to his son. The appellant contends that she is,

under the will, entitled to the exclusive right to the said burial ground, and has the right to sell it. That pursuant to her right and wish to sell one hundred and fifty feet square of said lot, retaining one hundred and thirty-six feet square, she advertised in the papers that she would sell said quantity; that she had persons to call for information as to the terms of sale; that, being informed as to to the terms, they went to view the lot, but were prevented from buying and would not buy because they were informed by the appellee that the appellant had no right or power to sell the lot; but the appellee would and did sell said parties other burial lots in said cemetery; that she then applied to the appellee for permission to sell one hundred and fifty feet square off her lot, leaving one hundred and thirty-six feet square unsold; that the appellee replied that, as devisee under her father's will, she did not acquire the exclusive right to the lot, but the descendants of the appellant's brother had a joint right to said lot for burial purposes. The appellant, taking issue with the appellee, sought by this action of mandamus to compel the appellee to give its written consent to the sale of the lot. The court, upon demurrer, dismissed the action. The appellant has appealed.

The appellee's thirteenth and sixteenth rules are as follows: "Proprietors shall not allow interments to be made in their lots for a remuneration, nor shall any transfer nor any assignment of any lot, or any interest therein, be valid without the written consent of the appellees first had and obtained.

"Nor, under any circumstances, shall any proprietor of a lot sell any part of his lot unless the part sold and the part retained shall each contain at least ninety feet square."

The appellee is also prohibited from selling lots to persons of bad character, etc.

The act of the Legislature of February 21st, 1884, amending the appellee's charter, provides as follows: That the owners of lots shall not sell the privilege of burying in their lots without the previous written consent of the appellee. But they may by last will and testament, or by writing directed to the appellee, signed by such owners and attested by two witnesses, determine who shall control the right of burial in their lots after their death, etc. That in case no such direction is made by last will or by writing, etc., "the right of burial in any of the lots of the cemetery shall go and descend to the lineal descendants of the original owners thereof,"etc.

The act *supra* provides, *first*, that the owners of lots shall not sell the privilege of burying in their lots without the previous written consent of the appellee; *second*, that the owner may by last will, or by writing attested, say who shall control the right of burial in said lots; *third*, in the absence of such direction the right of burial in said lots shall descend to the lineal descendants of the owners. Neither the charter nor by-laws of the appellee gave the owners of lots the right to devise the same, but it gave them the right to transfer the same, with the written consent of the appellee, and if such written consent was not obtained the transfer was invalid. It seems that the appellee reserved the right, all the time, to determine what persons and families should be deemed worthy to have a burial place in the cemetery; and, in order to keep that matter under its control, it declared all transfers by the owners of lots invalid, unless it consented to the transfer by writing. Such being the object the seri-

ous question would arise as to whether or not the object would be, in many instances, defeated if the owner was allowed to dispose of his lot by will (which is one way of transferring it), to characters or to objects wholly objectionable to the appellee. Hence, as it seems to us, the Législature, by the act *supra*, removed that serious question by conferring upon the owner the right by special devise, or writing attested, etc., to say who should, after his death, have the right of burial in his lot; and it further provided that in the absence of such will or writing the right should descend to his lineal descendants, etc. Said act further provides that the discretionary power of the appellee as to the transfer of lots, formerly existing only by virtue of a rule of the appellee, is authorized by sec. 1 of this act.

Now, the rules of the appellee as to the transfer of lots by the owners, subsequently enlarged and interpreted by the statute *supra*, are referred to for the purpose of showing the substantial, not merely formal, discretionary power of the appellee as to such transfers, and the invalidity of the same unless the appellee exercised its discretionary power in reference thereto by consenting, in writing, to the transfer. So the question, then, arises, is the writ of mandamus the proper remedy to procure that consent in case it is wrongfully withheld?

Section 477, Civil Code, says that a writ of mandamus is an order by a court of competent jurisdiction commanding an executive or ministerial officer to do, or omit to do, an act, the performance or omission of which is enjoined by law. It is well settled by this court (see Cassidy, Auditor's Agent v. Young, &c., 92 Ky., 227) that to entitle a party to this writ the officer's duty must

be strictly ministerial. But if he may act in the premises according to his judgment and discretion, then mandamus will not lie to control his judgment and discretion, even though that judgment and discretion are at variance with what is clearly right or dutiful in the premises. Here, as said, as to whether or not the appellee should consent to the sale of said lot depended upon its judgment as to whether or not its consent was within the purview and meaning of the rules and law *supra* in reference thereto; but if the appellee should abuse or withhold its consent, when it ought to give it, it seems to us that the remedies that equity affords in such cases are ample and sufficient.

The judgment is affirmed.