## Martin, County Judge, v. Wyatt.

(Decided June 22, 1928.)

Appeal from Knox Circuit Court.

1. Injunction.—As respects charge of uttering a "cold check," a felony, county judge could do nothing more than hold an examining trial, for which he would be entitled to receive a fee of $2 from the state treasury under Ky. Stats., sec. 353, and judgment of circuit court enjoining such county judge from conducting examining trial on ground of unconstitutionality of Senate Bill 153, passed in 1928, was therefore erroneous.

2. Judges.—Judge of county quarterly court had jurisdiction under Ky. Stats., sec. 1093, to conduct trial of breach of the peace charge under section 1268 and to tax costs against defendant and fees provided for him by section 1731, but because of his interest in the recovery was disqualified to sit, on defendant's objection, and injunction prohibiting him from trying such charge was therefore properly granted.

J. F. CATRON and V. A. JORDAN for appellant.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and affirming in part.

Martin seeks relief from an injunction. The appellee, Wyatt, filed this petition against Martin in the circuit court:

"Plaintiff says that he is a citizen and resident of Knox county, Ky.; that there is pending in the Knox quarterly court an action against him charging him with uttering and issuing a 'cold check' in the sum of $25. The defendants are undertaking to, in violation of law in such cases made and provided, put the defendant to trial on said action on tomorrow, April 7, 1928, plaintiff herein, and he will unless injunction issue from this court against the defendant preventing him from so doing. Defendant there (plaintiff here) has not voluntarily submitted to the jurisdiction of the defendant herein and he objects to the said defendant trying him on said action in the Knox quarterly court. Under the Constitution of Kentucky and the Constitution of the United States, the said defendant as judge of the Knox quarterly court has no legal right to sit and preside on the trial of criminal cases, and the plaintiff here now asks the court to grant to him an injunction against the defendant. Plaintiff will suffer irreparable injury unless injunction issue; he has sought none heretofore from this or any other court.

"Plaintiff adopts the allegations of the first paragraph of the petition herein, is so far as same is pertinent, and says that there is another action pending in said court for breach of the peace, and he objects to said action being tried in said court by defendant or any one else as judge of said court. Copy of said act of 1928 giving jurisdiction to county judges is hereto attached marked A as part hereof.

"Wherefore he. prays that this court issue an injunction against the defendant John D. Martin as county judge, enjoining and restraining him from proceeding to try this plaintiff herein on a criminal action pending in the Knox quarterly court in which he is charged with uttering a 'cold check' in the sum of $25, and any and all other criminal actions, and for all proper relief; and the said action for breach of the peace."

Wyatt was mistaken about the relief he wanted. He prayed for an injunction but what he wanted was a writ of prohibition, and we have so treated the matter.

Martin's demurrer to this petition was overruled, and this order entered:

"It is now ordered by the court that the defendant as county judge of Knox county be and he is enjoined perpetually from trying the plaintiff herein on the charge of uttering a 'cold check' in the sum of $25, and from trying the defendant under the charge of the breach of the peace, for the reason that the court is of the opinion and so holds that Senate Bill 153 undertaking to give jurisdiction to county judges, fixing fees, salaries, etc., is unconstitutional and void in toto."

This was partly erroneous. As will be seen from the petition, Wyatt is trying to prevent Martin from holding trials of him for two different things. Upon the "cold check" charge, that being a felony charge, Martin, as county judge, can do nothing more than hold an examining trial, for which he will receive from the state treasury a fee of $2, under section 353 of the Kentucky Statutes. His right to hold such a trial is not affected by our decision in Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918. Upon the breach of the peace charge, Martin as judge of the Knox quarterly court has by virtue of section 1093, Kentucky Statutes, jurisdiction to try Wyatt for violation of section 1268, Kentucky Statutes, and to tax as costs against Wyatt the fees provided for him by section 1731, 1922 edition of the Kentucky Statutes. However, Martin as judge of the Knox quarterly court would be disqualified to sit because of his interest in the recovery, and we so decided in the case of Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918. The interest of Martin in the matter, however, is something that Wyatt can waive, and in the absence of an objection on the part of Wyatt, there is no reason that Martin should not proceed to try him; but as Wyatt did object, he was entitled to have his breach of the peace case tried before a disinterested judge.

Upon the constitutionality of Senate Bill 153, passed by the recent General Assembly, see Adams v. Slavin, 225 Ky. 135, 2 S. W. (2d) ——.

The judgment, in so far as it enjoined Martin from conducting an examining trial of Wyatt upon the felony

charge, is reversed, with directions to dissolve the injunction and dismiss the petition. In so far as it enjoined and prohibited Martin from trying Wyatt upon the breach of the peace charge, the judgment is affirmed.

The whole court sitting.