## Osborn v. Wolfford, Circuit Judge.

(Decided June 5, 1931.)

JOHN M. THEOBOLD for appellant.

G. W. E. WOLFFORD in pro. per.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Denying Writ.

This is an original action filed in this court by plaintiff, Lonnie Osborn, under the provisions of section 110 of our Constitution, against defendant, G. W. E. Wolfford, judge of the Thirty-Seventh judicial district in this commonwealth, seeking mandatory processes against him to restrain him from making any orders in, or from trying plaintiff on, an indictment returned against him by the grand jury of Carter county in which he was charged with child desertion, an offense denounced by section 331i-1 of our present statutes. The grounds alleged in the petition for the exercise of such original jurisdiction by this court, are: (1) That the facts, as alleged by plaintiff, are insufficient to bring him within the purview of the statute creating the offense; (2) that the indictment is insufficient, and that defendant erroneously overruled plaintiff's demurrer filed thereto; (3) that defendant wrongfully and erroneously adjudged that plaintiff's plea of former conviction which he interposed as a defense to the indictment against him was unavailable for that purpose; and (4) that defendant erroneously overruled plaintiff's motion for a directed acquittal, and which erroneous rulings, as alleged, were made and done during a mistrial of plaintiff on the indictment returned against him, following which this petition was filed in this court.

Because of such erroneous rulings, and because of the alleged fact that the proof was insufficient to establish plaintiff's guilt, it is further averred that defendant was without jurisdiction to proceed with the trial of plaintiff, and for which reason this court had jurisdiction under the section of the Constitution, supra, to prohibit him from doing so and to grant the prayer of the petition. But, if mistaken in that, it is then alleged in the petition that defendant had already exercised, and proposed to continue to exercise, his jurisdiction erroneously, which would be followed by great and irreparable injury to plaintiff and leaving him without an adequate remedy to correct such alleged injuries, and for which reason also the prohibitive relief prayed for is sought from this court. Defendant filed a demurrer to the petition and also a response denying the alleged grounds for the relief sought, and with the record in that condition the action has been submitted for final determination.

This court in comparatively recent years, in a number of similar actions filed before it seeking the same relief as plaintiff does in this one, has attempted to construe and interpret section 110 of our Constitution and to mark the limits of our original jurisdiction thereunder. Two of the most recent cases in which that was done are, Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395, 398, and Brewer v. Vallandingham, 231 Ky. 519, 21 S. W. (2d) 831. A number of prior ones, but also comparatively recent, are cited, referred to, and commented on in the opinion in the Woods case, to which the reader is referred for a list of them. In those opinions, and others referred to in them, it will be found that we interpreted the involved section of our Constitution (110) to confer original jurisdiction on this court in only two classes of cases—(a) where a circuit court was proceeding entirely without jurisdiction; or a court inferior to it was doing likewise, and the complainant had no available remedy in an intervening court between the one so proceeding without jurisdiction and this court; and (b) where any court, inferior to this one, was proceeding or about to proceed within its jurisdiction, but erroneously so, and which would be followed by great and irreparable injury to the applicant to this court, coupled with the further essential fact that the applicant had no adequate remedy to prevent the irreparable injury of which he complained.

Necessarily, in arriving at such interpretations, embodying limitations upon our original jurisdiction in such cases, the conclusion was reached and announced in the opinions referred that it was not the purpose in prescribing for such an original action in this court to confer authority upon it to review each and every interlocutory order or step made or taken by the presiding judge of the inferior court of whose actions complaint was made, and to thereby empower this court to assume jurisdiction to direct the inferior one as to how the interlocutory questions should be determined, notwithstanding it might be manifested to this court in the application for such relief that the rulings, made or about to be made, of the court proceeded against, were erroneous. Such conclusion was reached for the plain and manifest reason that, should we attempt to exercise our controlling jurisdiction in such circumstances, it would not only virtually destroy the independence and judicial discretion of the court pro-

ceeded against, but would also overwhelm this court with original actions filed in it to obtain an advance determination as to how the trial court should proceed, and to thereby convert the latter into mere judicial pawns to be moved and directed by this court under the autocratic power that would thereby be conferred upon it. It was therefore concluded by us in those opinions that we would not exercise the original jurisdiction conferred by the section of the Constitution referred to, except where the facts were such as to bring the situation within either class (a) or class (b) supra; and the question for determination is whether the facts manifested by the petition are such as to bring the case within either of those classes.

While it is expressly alleged in the petition that defendant has once tried and will again proceed to try plaintiff under the indictment against him, ''without jurisdiction,'' it is clear that it was done, not to assert an existing fact, but to give favorable color to the case, since it is too plain for controversy that the Carter circuit court over which defendant herein presides has jurisdiction of such an indictment and also that it had jurisdiction of plaintiff's person, and which gave defendant complete jurisdiction to proceed with a disposition of the indictment according to the law as he interpreted it, and if in doing so he should make erroneous rulings, that fact woud not militate against his jurisidiction. It is therefore clear that this case does not come within class (a), supra, and equally clear that, if plaintiff is entitled to any relief at all, he should show himself entitled to it by bringing his case within class ('b), supra, and to that investigation we will now address ourselves.

In the Woods Case, supra, and also in the later Brewer one, we distinctly pointed out that the element, entitling plaintiff in this character of action to apply to this court for relief, of ''great and irreparable injury'' that he would sustain, unless prevented by this court, was not such an injury as is usually suffered and sustained by a losing litigant upon a trial of his cause in a court having jurisdiction thereof, i. e., a mere failure to succeed in that litigation, followed by the loss of that which success might have brought him; but that, in order to constitute the requisite ''great and irreparable injury'' to confer original jurisdiction on this court, the failure to succeed in the particular case should inevitably be

followed by consequences of great and ruinous loss and for which there was no remedy. An example of which, as is pointed out in the Woods opinion, is the case of Natural Gas Products Company v. Thurman, 205 Ky. 100, 265 S. W. 475, the facts of which the reader may obtain from consulting the opinion in that case. It was therefore held in the Woods opinion that, although the applicant to this court in that case was about to suffer the loss of the right to recover a judgment against his adversary on account of alleged erroneous rulings of the respondent in that original proceedings, that fact alone was not sufficient to give us original jurisdiction under section 110 of our Constitution, to prohibit respondent from making the rulings resulting in such a loss, and we so concluded, as is pointed out in that opinion, solely because the alleged injury was not of sufficient extent or degree as to make it ''great and irreparable'' so as to bring the applicant's case within class (a), supra.

The same conclusion was reached in our opinion in the Brewer Case, wherein it was held that, although the applicant therein might undergo imprisonment as a result of the alleged erroneous ruling of the respondent therein, yet that possibility did not render his injuries, actual or probable, ''great and irreparable'' so as to bring his right to apply to this court within class (b), supra. Therefore the fact that plaintiff, in this original action in this court may be compelled to suffer inconveniences, delays, and worries of a trial of the indictment against him, and may also, perchance, be imprisoned in the absence of his ability to execute bond pending an appeal to this court if convicted at his trial, is not sufficient to make his injuries so ''great and irreparable'' as to entitle him to apply to this court under the section supra of our Constitution by this character of procedure.

Furthermore, if it were otherwise and plaintiff's injuries were such as to supply this necessary element of his right to invoke this remedy, then, before he would be entitled to so proceed in this court, the other requisite therefor should appear, i. e., that he has no other adequate remedy; and the next and last question is: What is the character of remedy that will or will not supply that element? A consulting of our cited opinions, as well as a logical interpretation of the intention and purpose of the makers of our Constitution in framing its section 110, clearly reveals that a remedy may be adequate so as

to preclude this court from exercising its original jurisdiction under that section, although it may be fraught with delays, inconveniences, postponements, greater financial outlays, and even possible imprisonment, all of which might be avoided, or greatly curtailed, by a resort to an original application to this court. But because of such savings, the other remedy open to the applicant to this court, but which might be attended with such possible handicaps, is not to be considered as inadequate so as to supply the second necessary element in class (b), supra, in order to entitle him to his original action in this court under the provisions of the section of the Constitution referred to.

However, in this case the petitioner (plaintiff herein) was not confined to the usual and ordinary remedy afforded by the law and such as we have been discussing. Under the statute for the violation of which he was indicted he may avoid all of his troubles, including any punishment that may be inflicted upon him, by merely paying the assessed amount for the support of his deserted child or children, and which in this case is only $10 per month. That burden in a great measure could have been met by the total sum of plaintiff's expenses incurred and spent in defending the indictment against him, and in the making of this application to this court. It would therefore seem that the injury of which he complains is not after all as great as he pictures, nor that the remedy open to him is not so inadequate as his counsel paints.

The conclusions as so expressed above are in accord with the primary purpose of the Constitutional Convention in creating this and inferior courts. The latter were created primarily as trial courts, while the former was primarily made an appellate court. However, by section 110 of the Constitution the convention that adopted it sought to confer power on this court to entertain an original application in order to prevent the exercise of arbitrary, and sometimes wholly unfounded authority by inferior trial courts and which would be followed by greatly injurious and destructive consequences with no remedy open to the sufferer. Consequently, as was said in the Woods Case, supra, and repeated in the Brewer opinion, "To a large extent each case must rest upon its own particular and peculiar facts." Plaintiff herein has the clear and undisputed

remedy of an appeal to this court from the judgment of conviction if one should be rendered in the trial of the indictment against him, and wherein he may obtain a review of all the rulings of respondent made during that trial, including, of course, all of the reasons set forth in his petition in this case as to why he should not be convicted; and upon such review all the errors of which he now complains may be corrected and the trial court given the proper directions touching all of them, and from which we conclude, as we also did in some of the cases supra, that plaintiff's remedy is sufficiently adequate to deprive him of the right to make this application to this court.

Wherefore the motion for the writ is overruled, and the writ is denied, and the petition is dismissed at the cost of plaintiff.