## Cusic et al. v. Jones et al.

(Decided June 12, 1931.)

G. C. RAWLINGS for plaintiffs.

J. B. SNYDER for defendant.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing proceeding to compel lower court to vacate bench.

The plaintiffs being in custody under indictments for murder returned by the grand jury of Harlan county sued out writs of habeas corpus for the purpose of having bail fixed. The writs were signed and granted by the Honorable R. S. Rose, judge of the Thirty-Fourth judicial district, but were made returnable before the Honorable D. C. Jones, judge of the Twenty-Sixth judicial district, of which Harlan county is a part. On the return day of the writs, the petitioners, plaintiffs herein filed their motions to require Judge Jones to vacate the bench and assigned the hearing of the writs to some other judge. In support of their motion, they filed their affidavis undertaking to set out such bias and prejudice upon the part of Judge Jones towards them as rendered him incapable of giving them a fair hearing. Judge Jones declined to vacate the bench but passed the hearing on the writs until the next day. When the writs were called for hearing on the next day, the petitioners renewed their motion to require Judge Jones to vacate the bench and on it being again overruled, they declined to take any further part in the proceeding. Despite this, Judge Jones held a hearing on the writs, read a transcript of the evi-

dence heard before the grand jury and upon which the indictments were found and the petitioners producing no evidence on their side, he held the response of the jailer, which was to the effect that he held them in custody under a commitment under the indictments, sufficient and dismissed the writs.

This is an original proceeding in this court to compel Judge Jones to vacate the bench in the hearing of the writs of habeas corpus and also to compel him to expunge from the record in the cases in which the indictments are pending certain orders relative to this effort to have bail set which the plaintiffs say do not truly state what happened. Judge Jones has filed his answer here which traverses the allegations of the plaintiffs as to the facts from which it is claimed his alleged bias is disclosed, affirmatively pleads lack of bias, and traverses the allegations concerning the orders which the plaintiffs wish to have expunged from the records below.

Both the petition as amended and the answer and response disclose that the hearings on the writs of habeas corpus have been held and concluded. Therefore, there is nothing we can compel Judge Jones to do or forbid him to do. On this branch of the plaintiff's case in this court, it will have to be dismissed as moot. Coke v. Shanks, 218 Ky. 402, 291 S. W. 362. The judgment dismissing the writs is not binding on petitioners and they may have another writ issued, if they so desire, even for the same cause as that upon which the first writ issued. Section 429 of the Criminal Code of Practice so expressly provides.

So far as plaintiffs seek to have certain orders expunged from the records below, they are clearly not entitled to have that done in this proceeding. Plaintiffs have an adequate remedy by having their objections and exceptions to the orders which they have attacked noted in the record below, and can by a bystanders' bill filed in that action preserve their version of the transaction. Thus will these orders be opened for review by this court in any appeal which plaintiffs may take after verdict and judgment in these cases should such verdict and judgment be adverse to them. This being true, plaintiffs are not entitled by this original proceeding in this court to have these orders corrected or expunged even if, as plaintiffs contend, they do not truly set forth what transpired on the hearing. Osborn v. Wolford, Circuit Judge

239 Ky. 470, 39 S. W. (2d) 672, decided June 5, 1931. The petition as amended will have to be dismissed, and it is so ordered.

Whole court sitting.