## Pinkleton v. Lueke, Justice of Peace.
## Williams v. Same.

(Decided June 23, 1936.)

CHARLTON B. THOMPSON for appellant and petitioner.

HARRY AURANDT and LESLIE W. MORRIS for appellee and respondent.

OPINION OF THE COURT BY JUDGE STITES—Reversing and Granting Writ of Prohibition.

These two cases, one an appeal from the Kenton circuit court, and the other an original proceeding in this court, involve substantially the same factual situations and present questions so far complementary to each other that they were, on motion, heard together and will be considered in the same opinion.

Robert Pinkleton, a truck driver, was summoned by a peace officer to appear before the appellee (respondent in the other case), who is a justice of the peace in Kenton county, to answer a charge of oper-

ating an overloaded motor vehicle upon the highways of this state. For the offense with which he was charged he was subject to a fine of not less than $15 nor more than $200, and the costs of prosecution. Acts 1932, c. 106, sec. 14 (Ky. Stats. Supp. 1933, sec. 2739g-93). Jurisdiction to try him for the offense is expressly given to justices of the peace, together with quarterly courts and the judges thereof, police or city judges, and circuit courts (Id. sec. 15 [Ky. Stats. Supp. 1933, sec. 2739g-94]). Appellant filed written objections to his trial by appellee on the ground that such a trial before a judge who was interested in convicting him, to the extent that a fee would be taxed as costs for the benefit of the judge in the event of a conviction, would deny appellant a trial by due process of law as guaranteed to him under the Fourteenth Amendment to the Constitution of the United States. Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243; Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918; Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836; Martin v. Wyatt, 225 Ky. 212, 7 S. W. (2d) 1048. Confronted with the foregoing array of authority, the magistrate sustained appellant's objection to a trial before him on the merits of his case, but threatened to proceed with an examining trial for the purpose of holding appellant over to the grand jury. Appellant thereupon filed a petition in the Kenton circuit court in which he asked for a writ of prohibition against the magistrate on the ground that he was proceeding outside of his jurisdiction in undertaking to hold an examining trial for the offense with which appellant was charged. A special demurrer was filed to the petition on the ground that the circuit court was without jurisdiction to grant a writ of prohibition under the circumstances. The circuit court was of the opinion that the special demurrer was well taken, and dismissed the petition, basing his opinion principally on Adams v. Slavin, supra, and on the theory that the magistrate, while proceeding erroneously, was still acting within his jurisdiction.

It is well settled, as said in Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451, 453, "that, if the court sought to be prohibited by the proceedings filed in the circuit court has jurisdiction to entertain and determine the matters before

it, then the circuit court may not prohibit it from doing so, although the jurisdiction so possessed by the inferior court has been, or is threatened to be, erroneously exercised, followed by irreparable and remediless injury. In the latter case relief may be had, by the applicant for the writ in the circuit court, only through an appeal to that court or to some other court having appellate jurisdiction in the matter; or, if the amount involved, or the nature of the cause pending in the inferior court, is such as that an appeal will not lie from any judgment that may be rendered by it, then this court (as will hereinafter appear) would have jurisdiction to grant the writ in case the inferior court was acting within its jurisdiction but erroneously, and great and irreparable damage would be sustained by the applicant for the writ, with no adequate remedy open to him. And therein lies the distinction between the jurisdiction of this court, under the authority conferred upon it by section 110 of the Constitution, to issue such restraining writ against courts inferior to it, and the jurisdiction of circuit courts to issue such writs against courts inferior to them.''

Clearly, the concluson of the circuit court would be correct if the magistrate were here threatening to try appellant's case on the merits. In that event, he would be, of course, proceeding within his jurisdiction, and the circuit court would have no power, under section 25 of the Criminal Code of Practice, to proceed in the matter, and jurisdiction would be exclusive in this court. Adams v. Slavin, supra. However, as the petition shows, the magistrate is not here seeking to try appellant's case on the merits, but is preparing to hold an examining trial. Has he jurisdiction to hold an examining trial under the circumstances here presented? We think not. Examining trials were unknown to the common law, and, obviously, no preliminary examination is required where the examining magistrate has jurisdiction to try the defendant for the offense charged. If the justice himself has jurisdiction to try the offense, he must proceed to determine it, and he cannot shift the responsibility by merely making a preliminary examination and holding the accused to answer in another court. Compare King v. Pineville, 222 Ky. 73, 299 S. W. 1082; Smiddy v. Com., 214 Ky. 100, 282 S. W. 744. Clearly, the

offense and penalty fixed by the statute in the case at bar are within the jurisdiction of the magistrate to try; indeed, the statute expressly gives him authority to try this sort of case; and he is without power to hold an examining trial under the circumstances. It is true that he is disqualified to try the case on the merits over the objection of appellant, but this is a disqualification of the particular officer, and not of his court. The mere objection to his right to try on the merits does not confer jurisdiction to hold an examining trial. He has no right to do other than direct the transfer of the proceeding to one of the other courts which are given concurrent jurisdiction with him under section 15 of chapter 106 of the Acts of 1932 (Ky. Stats. 1933 Supp., sec. 2739g-94), where the judge is not subject to the constitutional disqualification applicable to a magistrate. Clearly, the magistrate was exceeding his criminal jurisdiction in undertaking to hold an examining trial for the offense here charged. It follows that the circuit court had the power to issue a writ of prohibition under the circumstances and that the special demurrer to the petition should have been overruled.

In the other case before us, George Williams was summoned to appear before the magistrate on the same charge and under the same act involved in the Pinkleton case just discussed. Williams also filed written objections to trial before the magistrate and similarly asserted his rights under the Fourteenth Amendment to the Constitution of the United States. In the original petition filed in this court, Williams alleges that the magistrate overruled his objections and is threatening to try the case or will hold an examining trial and bind him over to the grand jury. The case presented by the petition in this proceeding is therefore a different one from the Pinkleton case discussed above, for here the petitioner is asking for a writ of prohibition to prevent a trial on the merits, as well as to prohibit the holding of an examining trial. We have expressly held that a county judge (and the same rule applies to a magistrate) has jurisdiction to proceed in a case of this character, even though he may be proceeding erroneously in his attempt to try accused after constitutional objections have been asserted. Adams v. Slavin, supra. It follows,

under the principles of Goodenough v. Kentucky Purchasing Co., quoted above, that the jurisdiction to issue a writ of prohibition in such a situation is exclusive in this court. We are not confronted here, as in the Pinkleton case, with a mere threat to hold an examining trial, which, as we have pointed out, could be prohibited by the circuit court, but, on the contrary, are confronted by a case wherein the petition contains allegations showing an exclusive jurisdiction here. Our jurisdiction, of course, must be determined on the basis of the allegations of the petition, and it follows that we have both the power and the duty to consider the entire case. Respondent has filed an answer in which he asserts that, in view of the objections filed, he will not undertake to try Williams on the merits of his case, but will hold an examining trial, thus presenting the same situation complained of in the Pinkleton case. Having acquired jurisdiction of the matter on the basis of the allegations contained in the petition, it would be idle for us to require Williams to institute a new proceeding in the circuit court in order to protect his constitutional rights and to force respondent to proceed in accordance therewith and in accordance with the limits of his jurisdiction. There can be no doubt (1) that under the authorities cited above the respondent is without authority to try Williams on the merits of his case in the face of his objection, and (2) that respondent is without power to hold an examining trial in a case under the act of 1932 above mentioned. We conclude, therefore, that the request for a writ of prohibition should be granted. In this case also, of course, the magistrate should direct the transfer of the prosecution to another court not disqualified to try the case.

In the case of Pinkleton v. Lueke, the judgment is reversed. In the case of Williams v. Leuke, the writ of prohibition is granted.