## Shuey v. Shoemaker, Police Judge.
### (Decided Oct. 6, 1936.)

474

JUDSON A. SHUEY for appellant.

CHARLES GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellant appeals from a judgment of the Campbell circuit court dismissing his petition or application for a writ of prohibition seeking to restrain Willam F. Shoemaker, judge of the polce court of the city of Dayton, Campbell county, Ky., a municipality of the fourth class, from trying appellant on a warrant issued for him by said police judge charging appellant with the offense of installing, or causing to be installed, plumbing in appellant's property in the city of Dayton without having obtained a permit from the county plumbing inspector so to do. We will refer to the parties as plaintiff and defendant, according to their status in the lower court.

The warrant was issued on September 15, 1934, and set for trial on September 21, 1934, and on that day, and before offering any defense to the warrant in the police court, plaintiff filed his petition and procured a temporary writ of prohibition as applied for until further orders of the court. Within a few days thereafter, on a hearing of the motion on its merits, the court sustained a demurrer to the petition and dismissed it. The warrant and prosecution are founded upon chapter 99b of

the 1933 Supplement Carroll's Kentucky Statutes, and now appears as sections 3909b to 3909b-12 and being chapter 140 of the Acts of 1932.

Section 3909b defines "plumbing," "master plumbers," and "journeyman plumbers," and further contains the following provision:

"In other [order] to safeguard life, health and property, any person, firm or corporation engaged in or working at the business of plumbing, either as a master plumber, or a journeyman plumber, in counties containing cities of the First and Second Class of this Commonwealth, shall hereafter be required to submit evidence that he or she is qualified and shall be required to register, as hereinafter provided."

The offense created by the statute relates to any person, firm, or corporation engaged in the business of plumbing, either as a master plumber or a journeyman plumber. The warrant merely charges that the plaintiff, defendant in the police court, installed, or caused to be installed, plumbing in his property located at 407 Sixth avenue in the city of Dayton without having obtained a permit from the county plumbing inspector so to do; but does not charge that he was either a master plumber or a journeyman plumber and engaged in the business of plumbing, or that he assumed responsibility, charge, and direction of other persons engaged in the plumbing business to install such plumbing. We do not think that the warrant charges any offense against defendant or brings him within the purview of the statute.

However, in regard to the writ of prohibition the circuit court did not err in refusing same. The penalty provided by the statute for a violation of the act makes it a misdemeanor punishable by a fine of not less than $10 or more than $100, or imprisonment in the county jail for a period of not more than 90 days, or both so fined and imprisoned, which is within the jurisdiction of the police court.

It is the well-established law of this jurisdiction that if the court sought to be prohibited has jurisdiction to entertain and determine the matters before it, then the circuit court may not prohibit it from doing so, although the jurisdiction so possessed by the inferior court has been, or is threatened to be, erroneously exer-

476

cised, followed by irreparable and remediless injury. The remedy is by appeal to the circuit court or some other court having appellate jurisdiction in the matter; but in cases where the amount involved or the nature of the cause pending in the inferior court is such as that an appeal would not lie from the judgment that may be rendered by it, then this court would have jurisdiction to grant the writ, in case the inferior court was acting within its jurisdiction but erroneously, and great and irreparable damage would be sustained by the applicant for the writ, with no adequate remedy open to him. See Pinkleton v. Lueke, Justice of Peace, 265 Ky. 84, 95 S. W. (2d) 1103, and cases therein cited.

Also in the case of Wright v. City of Hazard et al., 232 Ky. 407, 23 S. W. (2d) 590, it is held that a writ of prohibition by a circuit court will not lie to enjoin a judge of the police court from trying a case of which he has jurisdiction, although the police judge had proclaimed in advance of the trial that he would find the defendant guilty, even though the defendant could not appeal from an adverse judgment.

· We think the authorities cited above are conclusive of this case, and it becomes unnecessary to discuss other questions raised.

The judgment is affirmed.

Whole court sitting.