## Elliott v. Hamilton, Judge, et al.

Jan. 17, 1939.

C. A. WICKLIFFE and W. MIKE OLIVER for petitioner.

HUBERT MEREDITH, Attorney General, and JAMES P. HANRAHAN for respondents.

OPINION BY CHIEF JUSTICE THOMAS—Dismissing Petition.

This is an original action filed in this court by petitioner, Rulie Elliott, against the respondent, Boone

Hamilton, Judge of Franklin County, Kentucky, in which petitioner seeks to prohibit respondent from trying him under a warrant issued by respondent accusing petitioner of transporting passengers by motor vehicle over the public highways of the commonwealth for hire without paying the fees provided by section 2739L-10 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The punishment for such violation, as well as the courts having jurisdiction of them, was prescribed by section 2739L-14 of the same statutes; but the latter section was amended by the 1938 session of the legislature by the enactment of chapter 100, pages 482, 486, sec. 3, of the Session Acts of that year, and which is now section 2739L-14 of the May 1938 Supplement of Baldwin's Kentucky Statutes Service to the Kentucky Statutes referred to. The original section 2739L-14 said: "Prosecutions under this act may be by summary arrest, warrant or information, and quarterly courts, and the judges thereof, justices of the peace and police or city judges shall have concurrent jurisdiction with circuit courts of the trial of all offenses under this act committed within their respective jurisdictions."

The 1938 amendment added to that section these words: "* * * or the Franklin County Quarterly or Circuit Court of Franklin County shall have concurrent jurisdiction for the trial of all offenses under this act."

Petitioner resides in Paducah, McCracken County, Kentucky, and operates his motor vehicle over the public highways of the commonwealth between that point and Wickliffe, Kentucky, making two round trips per day as a mail carrier, but it is charged in the warrant issued by respondent, as judge of the Franklin county court, that he carried pasengers for hire between those points and that he was doing so without paying the necessary fee or obtaining the required permit. Following the issuing of that warrant, and petitioner's arrest thereunder, he filed this action in this court to prohibit respondent from trying him under the warrant on the ground that the 1938 amendment to section 2739L-14, whereby jurisdiction was attempted to be conferred upon the Franklin county court to try violations of the statute committed outside of Franklin county, was and is unconstitutional, and which if true deprived respondent of jurisdiction in the premises.

Respondent raises the question of this court's ju-

risdiction, and insists that if it be true that he has no jurisdiction to either issue the warrant against petitioner, or to try him thereon, then the only court having jurisdiction to prohibit him from doing so is the Franklin circuit court, and with which contention we agree. Counsel for petitioner in their brief filed herein appear to be confused with reference to our prior opinions outlining our original jurisdiction given by section 110 of our Constitution. In writing those opinions we have always recognized the force and effect of section 479 of our Civil Code of Practice, saying: "The writ of prohibition is an order of the circuit to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction."

If, as charged, the 1938 amendment, supra, is unconstitutional, and, therefore, void, then clearly respondent is attempting to proceed in this case in a matter out of his jurisdiction. A long list of cases cited in note (2) under the inserted section of the Code, together with others not therein listed, positively declare that (as stated in the note) "If an inferior court is proceeding outside of its jurisdiction the writ of prohibition must be sought in the circuit court, but if the inferior court is proceeding within its jurisdiction but erroneously *and* there is no adequate remedy by appeal, the court of appeals may then issue a writ of prohibition." (Our italics.)

Later cases to the same effect are, Stumbo v. Clark, 255 Ky. 287, 73 S. W. (2d) 8, Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. (2d) 1103 and Shuey v. Shoemaker, Police Judge, 265 Ky. 473, 97 S. W. (2d) 19. See, also, the case of Goodenough v. Kentucky Purchasing Company, 241 Ky. 744, 45 S. W. (2d) 451. There is, therefore, presented by this record a plain case where a respondent as judge of an inferior court is charged with exercising or attempting to exercise authority outside of his jurisdiction, and which, under the cited opinions, may be prohibited only by the circuit court of the county embracing the jurisdiction of the inferior court sought to be prohibited. The same cases, and others (there being none to the contrary) in outlining this court's original jurisdiction as conferred by the section of the constitution supra (110), declare that our original jurisdiction will be exercised, as against a court inferior to the circuit court, only when the inferior court, though possessing jurisdiction, has or is threatening to exer-

cise it erroneously, *followed* by great and irreparable injury, *and* there exists no adequate remedy at law. If, however, such inferior court has acted or is attempting to act without jurisdiction, then under the section of the Code, supra, the circuit court is given complete jurisdiction to prohibit it from doing so, and which may be done, regardless of the consequences that might flow from such erroneous assumption of jurisdiction. If we should approve the rule of practice contended for by petitioner in this case and take jurisdiction to prohibit courts inferior to circuit courts from proceeding out of their jurisdiction under analogous facts to those appearing in this case, we would have but little time to devote to the consideration of appeals from final judgments, and which is the primary function of this court. Its original jurisdiction that section 110 of the constitution conferred upon it was only for the purpose of granting relief that could not otherwise be obtained in the manner and under facts as outlined by us in the above cited opinions and others to the same effect.

It, therefore, follows that we have no jurisdiction of the matters complained of in the petition, because it manifests a plain case of which the Franklin circuit court has exclusive jurisdiction.

Wherefore, for the reasons stated the petition is dismissed.