# Reeves, Com'r of Revenue, et al. v. Bell, County Judge.

Jan. 31, 1941.

Hubert Meredith, Attorney General, and Earl S. Wilson, Assistant Attorney General, for plaintiffs.

Hannah, VanSant & McKenzie for defendant.

OPINION BY CHIEF JUSTICE REES—Overruling and denying writ of prohibition.

The plaintiffs, H. Clyde Reeves, Commissioner of Revenue, B. S. Wigginton, Edgar Kitchen, and R. E. Bateman, field representatives of the Department of Revenue, by this original proceeding in this court, seek to prohibit the defendant, George Bell, county judge of Boyd county, from requiring the plaintiffs Wigginton, Kitchen, and Bateman to deliver certain contraband whisky now in their possession to the sheriff of Boyd county. The facts alleged in plaintiffs' petition for a writ of prohibition, briefly stated, are these:

On or about November 2, 1940, plaintiffs Wigginton, Kitchen, and Bateman were informed that one Elbert Rigsby had stored certain unstamped contraband whisky in the residence of John Johnson, Sr., in Boyd county. An affidavit for a search warrant was made, and a search warrant was issued by a justice of the peace in Boyd county. The plaintiffs searched the premises of John Johnson, Sr., and there found and seized 49 cases of whisky which failed to bear the tax stamps required by Section 4281c-4, Kentucky Statutes, 1940 Supp., and Subsections 10, 13, and 18 of Section 4281c, Carroll's Kentucky Statutes, 1936 edition. Four warrants for the arrest of Rigsby for violating the foregoing sections and Section 2554b-150, Kentucky Statutes, 1940 Supp., were issued, and Rigsby was arrested. Rigsby was tried in the Boyd county court November 27, 1940, and the proceedings are thus stated in the judgment of the court:

"Thereupon the defendant filed his written motion to quash the affidavit and search warrant issued thereon, and to suppress the evidence, which motion

was ordered filed in this action, and also in Warrant No. 2 charging a violation of Section 2554b-150, Carroll's Kentucky Statutes.

"Thereupon counsel for the Commonwealth stated to the Court that the Commonwealth was not relying upon any evidence obtained by reason of a search warrant. Thereupon the Commonwealth introduced Johnny Johnson, who testified in its behalf.

"At the conclusion of the witness' testimony, the defendant filed his written motion to quash the warrant in this cause, and also Warrant No. 2 above referred to, because said warrants were issued in violation of Section 10 of the Constitution. The Court then heard argument by counsel for defendant on the motion to quash the warrant of arrest. At the conclusion of said argument the Commonwealth asked for a recess. Counsel for the Commonwealth of Kentucky later returned into Court, and moved the Court to dismiss Warrants Nos. 1 and 2, and Warrants Nos. 3 and 4, which charged a violation of Section 4281c-13, Carroll's Kentucky Statutes, without prejudice. The Court sustained the Commonwealth's motion to dismiss warrants Nos. 2, 3, and 4 above referred to, without prejudice, to which ruling of the Court the defendant objected and excepted. The Court overruled the Commonwealth's motion to dismiss Warrant No 1 above referred to, to which ruling of the Court the Commonwealth excepted. The Court thereupon sustained the defendant's motion to quash Warrant No. 1 charging him with a violation of Section 2554b-150, Carroll's Kentucky Statutes, because there was no affidavit, oath, or affirmation to support same, to which ruling of the Court the Commonwealth excepted.

"It is therefore ordered and adjudged that the defendant be discharged from custody in each of the aforementioned warrants."

After entering this judgment the county judge entered an order adjudging that the whisky in the possession of the field representatives of the Department of Revenue, Wigginton, Kitchen, and Bateman, had been illegally seized, and ordering them to deliver it to the

sheriff of Boyd county and that it be held by the sheriff subject to the further orders of the court. The Commonwealth excepted to the order and moved the court that the sheriff be put under bond in the amount of $1,000 to make proper accounting of the whisky, and that motion was sustained by the court. It is alleged in the petition that it was erroneous on the part of the county judge to order the plaintiffs Wigginton, Kitchen, and Bateman, who are duly qualified and bonded officers of the Commonwealth of Kentucky, to deliver the whisky which was legally in their custody to the sheriff of Boyd county, and if they are required to comply with this erroneous order and the sheriff fails to make proper accounting of the whisky they will be liable on their bonds and will be irreparably damaged by reason thereof. It is further alleged that unstamped whisky is declared by the Alcoholic Beverage Control Act, Kentucky Statutes Supp. 1939, Section 2554b-97 et seq., to be contraband, and that the Commonwealth of Kentucky is entitled to the custody and ownership thereof unless some person within 90 days after the trial in the county court establishes title or right to the possession thereof; that said whisky was properly stamped after it was taken into possession by said field representatives of the Department of Revenue, and if the defendant is permitted to require them to deliver it to the sheriff of Boyd county the Commonwealth will suffer irreparable injury as a result thereof. The plaintiffs pray that this court issue its writ of prohibition addressed to the Hon. George Bell, judge of the county court of Boyd county, temporarily prohibiting him from requiring the plaintiffs Wigginton, Kitchen, and Bateman to deliver the whisky now in their possession to the sheriff of Boyd county, and that on final hearing it be adjudged that the defendant is acting erroneously and without authority, and that a permanent writ of prohibition be issued.

Chapter 15, Section 7, the Acts of the General Assembly of 1940, now Section 2554b-151, Kentucky Statutes, 1940 Supp., declares contraband "any spirituous, vinous, or malt liquors in the possession of anyone not entitled to possession of the same under the provisions of the Alcoholic Beverage Control Law of 1938 or amendments thereto." The same section also provides:

"Any peace officers, including the Administrators, and the field representatives of the Department of

Revenue, are hereby authorized, upon probable cause, to seize without warrant any of the property declared to be contraband under this section, regardless of whether such property be in local option territory or not, and to hold the same subject to the order of the court before which the owner or one in possession of such property has been charged with violation of Section 52 of Chapter 2, Acts of the Regular Session of the 1938 General Assembly and amendments thereto, or in violation of Sections 2554c-1 through and including 2554c-42 of Carroll's Kentucky Statutes, 1936 edition, or as they may be amended. Upon conviction of the defendant, the court shall enter an order vesting title in all the contraband property in the Alcoholic Beverage Control Board.''

Later in the same section it is provided that:

''If the defendant be acquitted, no property seized as contraband in connection with the arrest of the defendant shall be ordered returned or restored unless the person from whose possession same was taken proves that he was in lawful possession of said property, and if no other person appears and proves ownership, or that he has valid recorded lien and that the property was being used without his knowledge, consent, and approval, then title shall vest in the Alcoholic Beverage Control Board in ninety (90) days. If the owners or lienholders whose lien is valid and of record of any contraband seized by Administrators or field representatives of the Department of Revenue, or turned over to said Department by other officials under this Act, cannot be located within ninety (90) days, and during that time shall fail to appear and claim such contraband; or if such owner or lienholder appears and agrees, title to such contraband shall immediately vest in the State Alcoholic Beverage Control Board, in which event the Board is authorized to sell such contraband property at a private sale.''

The county judge construed this section as giving the court custody of the seized whisky, and the right to place it in the possession of any one the court might select during the pendency of the proceedings and until its ownership is finally determined. We do not so construe the act. We think the Legislature intended that

contraband whisky seized by field representatives of the Department of Revenue should be held by them until its ownership is determined by the court. The phrase "to hold the same subject to the order of the court" means that the possession of the contraband whisky shall remain in the field representatives of the Department of Revenue until the court enters an order vesting title in the property in the Alcoholic Beverage Control Board or restoring it to its lawful owner. The court must enter an order vesting the title in the Alcoholic Beverage Control Board unless some person appears within 90 days after the acquittal or dismissal of the defendant from whose possession it was taken and proves ownership. In ordering the whisky delivered to the sheriff of Boyd county, the defendant was acting within his jurisdiction but erroneously. In order to entitle the plaintiffs to a writ of prohibition in this court, it must further appear that irreparable and remediless injury will result.

Where a court inferior to the circuit court is proceeding without its jurisdiction the proper forum to issue a writ of prohibition is the circuit court, but where such inferior court is proceeding within its jurisdiction but erroneously, and great and irreparable injury would follow from the threatened erroneous act and the party who would be injured by such act is without adequate remedy by appeal or otherwise by which he might obtain relief therefrom, the Court of Appeals has jurisdiction under Section 110 of the Constitution to issue the writ. Elliott v. Hamilton, 276 Ky. 343, 124 S. W. (2d) 501; Shuey v. Shoemaker, 265 Ky. 473, 97 S. W. (2d) 19; Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. (2d) 1103; Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451. What constitutes the great and irreparable injury necessary to authorize this court to entertain jurisdiction under Section 110 of the Constitution has been defined in a great number of cases. Henneberger Company's Assignee v. Price, 252 Ky. 402, 67 S. W. (2d) 471; Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395. In Osborn v. Wolfford, supra [239 Ky. 470, 39 S. W. (2d) 673], it was said:

"In order to constitute the requisite 'great and irreparable injury' to confer original jurisdiction on this court, the failure to succeed in the particular

case should inevitably be followed by consequences of great and ruinous loss and for which there was no remedy.''

In the present case, the only injury which the plaintiffs will suffer by reason of the alleged erroneous proceeding of the defendant is the loss of possession of the contraband whisky. If the whisky is taken from their possession by an order of court, even though the order is erroneous, they will not be liable for its value under their official bonds. The only injury which the Commonwealth can suffer is the loss of the value of the whisky. It has the remedy of appeal if the question of ownership is decided adversely to its claim. It is suggested that the whisky may be lost before the question of ownership is finally determined in the county court, but this is mere supposition. Furthermore, the Commonwealth's motion to require the sheriff to execute bond in the sum of $1,000 was sustained, and it must be presumed that this order will be complied with. Financial loss alone does not necessarily constitute such great and irreparable injury as to authorize this court to entertain jurisdiction under Section 110 of the Constitution. Henneberger Company's Assignee v. Price, supra; Union Trading Co. v. Hubbard, 252 Ky. 518, 67 S. W. (2d) 693. We think the petition fails to state facts showing that plaintiffs will suffer such great and irreparable injury as to call for the exercise of the jurisdiction asked by this original action.

The motion for the writ of prohibition is overruled, and the writ is denied.