## Franklin et al. v. Pursiful, County Judge.

July 15, 1943.

H. L. Bryant and W. T. Davis for petitioners.

S. H. Brown and Arthur Rhorer for respondent.

OPINION BY CHIEF JUSTICE FULTON—Issuing writ.

In this original action in this court the petitioners seek a writ of mandamus against the county judge of Bell County directing him to call a local option election.

The allegations of the petition are, in substance, that the petitioners, voters of Bell County, filed in the county court on July 1, 1943, a petition sufficient in all respects according to KRS 242.020 to require the county judge to call a local option election in the county, but he refused to direct the election to be held because separate local option elections had been held in May, 1943, in magisterial districts Nos. 1, 2 and 3 of the county. His refusal was evidenced by an order reciting this to be his only reason for declining to call the election. The allegations of the petition are undenied, the respondent contenting himself with filing a general demurrer and a special demurrer questioning the original jurisdiction of this court.

The question whether the holding of local option elections in portions of the county within less than three years from the date of the proposed election operates as a bar to the holding of the county wide election presents little difficulty. KRS 242.030 provides that no local option election shall be held in the same territory oftener than once every three years. The present local option law is substantially a reenactment of the old local option law in force prior to national and state wide prohibition and KRS 242.030 is a substantial reenactment of Section 2563 of Carroll's Kentucky Statutes, 1903 Edition. Construing this section in connection with KRS 242.210, we held in Long v. Smith, Sheriff, 281 Ky. 512, 136 S. W.

(2d) 789, that a county wide election did not bar an election within three years on the same question in a city in the county, and in Morgan v. Stephens, Judge, 281 Ky. 517, 136 S. W. (2d) 791, that a county election was not a bar to an election within three years in a magisterial district. While this is the converse of the proposition before us, the legal principle is identical. In the first mentioned case the court quoted with approval from Board of Trustees v. Scott, 125 Ky. 545, 101 S. W. 944, 950, construing similar provisions of the old local option law and holding that although a city within the county had shortly before voted against local option the county in which it was situated had the right to vote immediately on the subject as a whole. The court said:

> "The statute, prohibiting a second vote within three years, has reference to an election in the identical territory."

The cases cited are conclusive of the right to hold a county wide election. It was the duty of the county judge to call the election as requested.

The only question giving us any concern is the one raised by the respondent as to the original jurisdiction of this court. Where a court inferior to the circuit court is proceeding beyond its jurisdiction its action is controllable by the circuit court but where such inferior court is proceeding within its jurisdiction erroneously and great and irreparable injury will result from its erroneous action and the party injured thereby is without adequate remedy by appeal or otherwise the Court of Appeals has jurisdiction under Section 110 of the Constitution to issue the necessary writs to control the action of such inferior court. Reeves v. Bell, County Judge, 285 Ky. 300, 147 S. W. (2d) 711; Elliott v. Hamilton, 276 Ky. 343, 124 S. W. (2d) 501; Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. (2d) 1103.

In the case before us it is clear, as indicated above, that the county judge is proceeding erroneously within his jurisdiction. Great and irreparable injury will result from his action in that the petitioners and other voters of the county are denied a cherished right accorded to them by statute. There is no appeal from his action since the local option act provides none, as was the case with the old local option law (see O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951), and KRS 23.030 regulating appeals from county court judgments affords none.

The only remaining question is whether the petitioners had any other adequate remedy. It may be thought, as contended by the respondent, that they might have proceeded by mandamus in the circuit court. As a matter of fact, it was so indicated by way of dictum in O'Neal v. Minary, supra, but it seems to us mandamus in the circuit court could not be resorted to in the circumstances of the case before us. Even though the petitions requesting the calling of the election complied with the statutory requirements, the county judge still was vested with a discretion as to the calling of the election, that discretion being to determine whether an election had been held within the same territory within three years. He exercised that discretion, erroneously, it is true, by determining that such an election had been held as precluded the holding of another. He did not fail or refuse to perform a ministerial act but exercised a judicial discretion erroneously and, having acted, his action could not be controlled by mandamus in the circuit court. If an inferior court has a discretion and proceeds to exercise it, its discretion cannot be controlled by mandamus. Dickens v. Cave Hill Cemetery Co., 93 Ky. 385, 20 S. W. 282; Cassidy, Auditor's Agent, v. Young, County Judge, 92 Ky. 227, 17 S. W. 485; Galbraith v. Williams, J. P., 106 Ky. 431, 50 S. W. 686; McFarland et al. v. Gilbert, Circuit Judge, 276 Ky. 423, 124 S. W. (2d) 473. To hold that the circuit court had power in the circumstances to control the action of the county judge by mandamus would, in effect, be to confer appellate jurisdiction on the circuit court from the action of the county judge when no appeal is provided by law.

It is our conclusion that mandamus in the circuit court did not lie and that the petitioners were without any adequate remedy by appeal or otherwise and, therefore, that this court has jurisdiction under Section 110 of the Constitution to correct this erroneous action by the county court within its jurisdiction from which great and irreparable injury would result.

It is therefore ordered that a writ issue, directing the county judge to enter an order calling the election in compliance with KRS 242.030. The writ will issue forthwith, without prejudice to the respondent's right to file petition for rehearing.