## Alexander et al. v. Stewart.

Dec. 11, 1945.

L. B. Alexander for petitioners.

Thomas J. Marshall for respondent.

OPINION OF THE COURT BY JUDGE SILER—Denying writ.

This is an original proceeding in this court seeking a writ of prohibition against Honorable Brady M. Stewart, Judge of McCracken County, restraining him from (1) enforcing a fine and jail sentence for contempt against petitioner, L. B. Alexander, and from (2) proceeding with administration proceedings of a decedent's estate in which petitioners are interested as attorney and client, also requiring Judge Stewart to (3) vacate the bench in the same administration proceedings and to (4) reduce to writing all rulings in relation to the same administration proceedings.

The respondent, Judge Stewart, has answered and denied most of the material allegations of the petition and has stated affirmatively that he was justified in executing his contempt order against petitioner Alexander, and has further stated that his entire conduct of the preliminary administration proceedings has been regular, reasonable and legal.

The facts, as indicated by the record, are, briefly stated, as follows. One R. H. Brummett died October 23, 1945, while a resident of McCracken County. Two sisters of the decedent sought appointment as his administratrices through McCracken County Court on October 24, 1945. Mildred Faulks, one of the petitioners herein, filed, on or about that same date of October 24, 1945, her own application for appointment as executrix of decedent's last will, naming her copetitioner herein as her attorney for the proposed will proceedings. The two sisters, either having been appointed as administratrices or anticipating their assumption of such authority, sought to open decedent's lock box at his bank on October 24, 1945, before decedent's funeral and before the arrival of one of his two children from her distant home. The funeral was held on October 27, 1945, and thereafter these petitioners served notice on the two children of decedent that they would offer decedent's will for probation on November 2, 1945. But on November 1,

1945, these petitioners took steps to have the respondent, Judge Stewart, to vacate the bench for the probation proceedings that were scheduled to follow the next day. Judge Stewart declined to vacate the bench. These petitioners did not offer their will on November 2, 1945, as planned because, as they say, one of their probating witnesses was absent from the county. Judge Stewart then caused process to issue against petitioner Alexander seeking to have the will produced. Because this process was not obeyed, petitioner Alexander was fined and sentenced to jail by Judge Stewart for contempt of court. A writ of habeas corpus and an injunction were then sought by petitioners herein in the McCracken Circuit Court. The McCracken Circuit Court entered a judgment holding that it had no jurisdiction in the case. This original proceeding followed thereafter in this court seeking a writ of prohibition.

It is apparent from a perusal of this record that there is a feeling of some animosity between petitioner Alexander and respondent Stewart, and possibly this feeling antedated the present controversy between them. Under this existing condition, it would have been a fitting and proper act for Judge Stewart to have vacated the bench upon the filing of petitioner's motion and affidavit seeking this end. Especially at the present, advanced stage of this apparent ill feeling would it appear fitting that respondent Stewart should now vacate the bench in the handling of the decedent's estate or in probating the purported will in question.

However, we have held that where a court inferior to the circuit court is proceeding without its jurisdiction the proper forum to issue a writ of prohibition is the circuit court, but where such inferior court is proceeding within its jurisdiction but erroneously, and great and irreparable injury would follow from the threatened erroneous act and the party who would be injured by such act is without adequate remedy by appeal or otherwise by which he might obtain relief therefrom, the Court of Appeals has jurisdiction under Section 110 of the Constitution to issue the writ. Elliott v. Hamilton, 276 Ky. 343, 124 S. W. 2d 501; Shuey v. Shoemaker, 265 Ky. 473, 97 S. W. 2d 19; Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. 2d 1103; Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. 2d 451. What constitutes the great and irreparable injury necessary to authorize

this court to entertain jurisdiction under Section 110 of the Constitution has been defined in a great number of cases. Henneberger Company's Assignee v. Price, 252 Ky. 402, 67 S. W. 2d 471; Osborn v. Wolfford, 239 Ky. 470, 39 S. W. 2d 672; Litteral v. Woods, 223 Ky. 582, 4 S. W. 2d 395. In Osborn v. Wolfford, supra, 239 Ky. 470, 39 S. W. 2d 673, it was said: "In order to constitute the requisite 'great and irreparable injury' to confer original jurisdiction on this court, the failure to succeed in the particular case should inevitably be followed by consequences of great and ruinous loss and for which there was no remedy."

In the instant case there is no apparent indication of a lack of jurisdiction of Judge Stewart of either the parties or of the subject matter in the original proceedings to dispose of the decedent's estate in question.

And although the respondent may be proceeding erroneously in the probate case that has been started in his court, there is no indication that petitioners are likely to suffer great and irreparable injury or that they are without adequate remedy by appeal. The petitioners have their right of appeal under KRS 394.240 and KRS 394.290.

The ultimate aim and purpose of petitioners is to probate and execute their decedent's purported last will and thereafter to settle and terminate his estate in the manner provided by law, all in the proper probate court of their county. If the probate court of McCracken County, presided over by Judge Stewart, should wrongfully reject the purported will of petitioners' decedent, then petitioners have an adequate remedy by appeal to McCracken Circuit Court and to this court.

Wherefore, seeing no manifest right on the part of petitioners to their requested writ of prohibition herein, the same is denied for the reasons set out above.