## Auto Finance & Sales Co. v. Morgan.

(Decided March 25, 1938.)

THOMAS W. HARDESTY, JR., for appellant.

BERT J. KING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

Appellee, C. D. Morgan, brought this claim and delivery action against the appellant, Auto Finance & Sales Company, to recover an automobile, radio, certain wallpapering tools, and damages for their detention by the appellant. He asked in the alternative for the return of the property or its value (alleged to be $342.95) and for $100 in damages. Appellant traversed the material allegations of the petition except that relating to the wallpapering tools. As to these, appellant alleged that it had repeatedly tendered the tools to appellee and he had refused to take them. No reply was filed. Obviously, in this state of the pleadings the only issue to be tried was the alleged wrongful retention of the property of appellee. Civil Code of Practice, sec. 181.

When the action was tried, however, the testimony was permitted to take a wide range, and the instructions to the jury, instead of being framed under section 181 of the Code, related entirely to the claimed wrongful sale of the property by appellant without notice to appellee. The jury was authorized by the instructions to fix damages for the loss of the car and radio and also for appellee's loss of time. All of this was in the face of the undisputed evidence that appellant, and not appellee, had title to the automobile by virtue of a bill of sale from appellee, and in the face of appellee's own testimony showing that appellant had rightful possession of the property. Since this was the only issue presented by the pleadings, the court should have given the peremptory instruction asked.

It appears from the evidence, though not in the pleadings, that appellant refinanced appellee's contract for the purchase of the automobile here in controversy.

It likewise appears that it charged an exorbitant rate of interest. The record shows no contract of sale or mortgage under which the right to repossess the car was asserted except the bill of sale executed by appellee. The automobile was in the possession of appellee, but was repossessed by appellant, and both appellee and his attorney, who testified for him, admit that he was in arrears in his payments at the time when the car was taken from him, and neither asserts that the repossession was wrongful. The facts fall far short of indicating a wrongful retention of the property. So far as this record shows, title to the automobile was in the appellant subject to appellee's right to secure title by paying so much on the first and fifteenth of each month. If appellee has a cause of action, it is certainly not that now asserted in his pleadings.

Since the case presented on another trial may be entirely different from that now before us, it is unnecessary now to consider the numerous other questions presented.

The appeal is granted, and the judgment reversed.