## Commonwealth ex rel. Cooper, Commonwealth's Atty., v. Howard, Circuit Judge.

Jan. 13, 1939.

CHESTER A. BACH for petitioner.

J. B. HOWARD for respondent.

OPINION BY CHIEF JUSTICE THOMAS—Dismissing petition.

This is an original action filed in this court by the Commonwealth of Kentucky on relation of Earl R. Cooper, Commonwealth's Attorney for the 36th Circuit Court Judicial District of the Commonwealth, against J. B. Howard, Circuit Judge of the same district. Upon the filing of the petition a motion was made for a temporary writ pending the hearing for a permanent one as prayed for in the petition, which was filed November 16, 1938. Nothing has been done by either side in preparation of the hearing of the motion for the temporary

writ, or the prayer of the petition for a permanent one, and so far as we know the matters complained of as a foundation for the action may have become moot, since its filing in this court. However, it is our duty to dispose of the case in some manner so as to get it off the docket, and we have concluded to do so upon the facts stated in the petition.

It is averred therein that Cooper is the commonwealth's attorney of the circuit court judicial district referred to, and that respondent is its circuit judge, and that Breathitt county is a part of that district; that the grand jury of Breathitt county returned an indictment against William Combs and Wardie Jenkins accusing them of murdering Lee Combs; that respondent as judge of the court—following the return of the indictment—announced that he would vacate the bench and not preside at the hearing of the trial on the indictment, but that he later changed his mind after talking with some influential friends who were also friends of the accused, and declared his intention of not vacating the bench and his determination to preside at the trial of defendants in the indictment. It is then alleged that respondent stated that he contemplated calling a special session of the court following the killing of Lee Combs to investigate the crime, and to prefer indictments against the one or ones whom an impaneled grand jury might indict, but that he conferred with the same influential friends—as well as friends of the accused—and later concluded that he would not call a special term and did not do so.

The petition then engages in alleging surmises and suspicion to the effect that respondent is in collusion with friends of the accused in the efforts of the latter to bring about their acquittal, and that he will, therefore, abuse his judicial discretion as presiding judge in the case in such a manner as to accomplish that result if he is permitted to preside at the trial. The commonwealth's attorney, therefore, made a motion that he vacate the bench and decline to preside at the trial so that a special judge might be appointed for the purpose. But the petition filed in this court contains nothing but the order reciting the motion with no filed grounds in support thereof. That motion was not acted on at the time of filing the petition in this court; but following that motion, and before the filing of the instant peti-

tion here, defendants entered motion before respondent for a change of venue, and which was also not acted on at the time this action was filed.

The prayer of the petition is two-fold—(1) that a mandatory order be issued requiring respondent to pass upon the motion to vacate the bench, and that if he should overrule it, then (2) that he be prohibited from trying the case, or making any order therein, even restraining him from passing on the defendants' motion for a change of venue, although the petition of the defendants in the indictment for that purpose (which is filed with the record in this court), if true, would justify the sustaining of that motion.

In order for this court to exercise its controlling original jurisdiction given by section 110 of our Constitution, facts, must clearly appear authorizing it. As stated, no positive facts showing legal bias or other disqualification of respondent to preside at the trial of the indictment is anywhere averred in the petition. The alleged facts of his conversing with friends of the defendants in the indictment is the statement of no unusual course—not even creating a suspicion of collusion or other corrupt motive. The subject matter of such conferences is only surmised, with no positive averment whatever, nor are they attempted to be substantiated or verified by any person whomsoever. It is true that Lewis Combs, a brother of the deceased, made an affidavit filed in the case setting out the above facts and in which he also made this statement: "That it has been represented to the court by Mrs. William Combs, the wife of the defendant William Combs, that shortly before the shooting resulting in the death of the deceased Lee Combs, that Mrs. William Combs was subjected to a most brutal assault at the hands of the deceased Lee Combs, and that in said conference and conversation, the said Mrs. William Combs exhibited bruises and black places on her body and represented to the said J. B. Howard, Judge that the bruises and black places had been caused by Lee Combs, striking and punching her with a pistol, and that the said J. B. Howard, stated that the defendants had been subjected to so much brutality at the hands of the deceased that they had a right and ought to have shot and killed the deceased."

Affiant does not claim to have heard any such conversation or to have been present when such charges

happened, if they did so occur; nor does any other witness claiming to possess knowledge thereof appear in the case, by affidavit or otherwise, and the charge is, at most, only the statement of a mere rumor without foundation sufficient to authorize prohibitive action on the part of this court. For aught that appears respondent may have also conferred with others interested in the prosecution in order to conclude what was the proper course for him to pursue, and if he did so there would then be furnished similar grounds on the part of the defendants to seek and obtain the same relief now sought by the prosecution. Presumptions of disqualifying corruption in officials will not be indulged from such vague presentations amounting to no more than bare suspicion, and for which reason the petition in this case is entirely insufficient for the granting of the relief prayed for.

Wherefore, it is dismissed.