## Auto Finance & Sales Co. v. Northcutt, Circuit Judge, et al.

March 7, 1939.

THOMAS W. HARDESTY for petitioner.
BERT J. KING for respondent.

OPINION BY CHIEF JUSTICE THOMAS—Denying writ of prohibition and dismissing petition.

The petitioner, Auto Finance And Sales Company, a corporation, was made a defendant in a claim and delivery action filed in the Kenton Circuit Court wherein C. D. Morgan was plaintiff, and wherein he sought to recover from defendant therein the possession of an automobile, and other personal property described in his petition, which he alleged was worth $342.95, and he prayed in the alternative for the recovery of that amount and $100 damages if the property involved was not forthcoming. A trial of the action resulted in a judgment in his favor, but which we reversed on appeal by the instant petitioner, in an opinion rendered in the case of Auto Finance & Sales Company v. Morgan, 273 Ky. 46, 115 S. W. (2d) 367, 368. We held in that opinion that the judgment was not in conformity with the issues presented by the pleadings, and that in the condition of the record the court should have sustained the motion of the defendant therein (petitioner here) for a peremptory instruction in its favor. In closing the opinion we said: "Since the case presented on another trial may be entirely different from that now before us, it is unnecessary now to consider the numerous other questions presented. The appeal is granted, and the judgment reversed." After the filing of the mandate in the trial court the case was again tried and at which another judgment was rendered in favor of Morgan, the plaintiff in that action, followed by defendant filing a motion for a new trial which, according to the instant record, is now pending and has not been acted on.

In that situation petitioner filed this original action in this court against the trial judge, the clerk of his court, and the sheriff of Kenton county, as respondents, seeking to prohibit them and each of them from taking any steps, or inaugurating any proceeding, to enforce the judgment rendered at the last hearing of the case of

Morgan v. petitioner, and, in effect, commanding respondent (the trial judge) to set aside the last judgment rendered by him and to render one in favor of petitioner. The grounds alleged in the petition as amended are—that at the second hearing of the action referred to in the Kenton Circuit Court there was no change made in the pleadings, and the proof was identical with that heard on the first trial, the judgment in which we reversed in the case supra, and that in the circumstances it was the duty of the respondent as judge, to follow the directions contained in our opinion—there having been no change made in either pleadings or proof. A demurrer has been filed to the petition as amended, and without waiving it a response has been filed in which it is admitted that at the second hearing there was no change in the pleadings; but it is asserted that at the second trial there was introduced two relevant and material documents which the respondent (judge) interpreted as materially affecting the rights of the parties, and so as to authorize him in rendering the judgment on the second trial herein complained of in favor of the plaintiff, Morgan, against the defendant and petitioner here. It was for the sum of $250 as the value of the property, and $46 for its wrongful detention—but with a lien thereon in favor of petitioner for the sum of $48, and which is for an amount greater than $200, but less than $500, and which is subject to review by this court under the provisions of section 950-3 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes.

According to the petition as amended—averring that there was no change in either the pleadings or proof at the second hearing of the cause of the action referred to—it was clearly the duty of respondent, Northcutt, as the trial judge, to render judgment at the second hearing as indicated in our opinion, supra, and which duty may be coerced or enforced by us—as the appellate court in this jurisdiction—in possibly one or more of three different methods pointed out by the text in 3 American Jur. 728, section 1232, which says: "When the trial court fails or refuses to obey or give effect to the mandate or remittitur of the reviewing court, misconstrues it, or acts beyond its province in carrying it out, it becomes the province and duty of the appellate court to enforce compliance therewith. The remedy generally recognized as the proper one is a writ or order of mandamus, but this is not the only remedy; a new appeal may be had, and on such second appeal the

court may, instead of remanding the case again itself, proceed to final judgment. In some jurisdictions, compliance with the mandate may also be enforced by contempt proceedings and by a writ of prohibition. Such remedies may be defeated by delay in making application to compel obedience to the mandate.''

Whether or not this court may apply all of the three methods of procedure suggested in that text (because cumulative) in the enforcement of its mandates, as may be invoked by the complaining litigant, need not be determined in this case, because the one attempted to be invoked is the compulsory process that might be issued by this court under its original jurisdiction conferred by section 110 of our Constitution, but which we have interpreted will not be issued or granted, except when there is no other adequate remedy open to the petitioner or appellant, and he will suffer or sustain great and irreparable injury unless the compulsory process asked for in such original action be granted. Our opinions so holding and interpreting the limits of relief that this court may grant in the exercise of the original jurisdiction conferred upon it by the section of the Constitution referred to are so numerous, and the interpretation therein made has become so firmly settled, as not to require a listing of the cases in which it was done.

In this case, as we have seen, the record manifests the fact that the judgment complained of is subject to review by us in the method pointed out by section 950-3 supra of our Statutes, and which we interpret as having the effect to require the complaining litigant to first resort to the right of review therein given before invoking the original jurisdiction of this court under section 110 of the Constitution. See Text in 4 C. J. page 1243, section 3307. Whether or not such original jurisdiction may be properly invoked in the circumstances of this case (as disclosed by the petition) if the amount involved was below the minimum of that for which a review by this court may be had under the section of the statutes supra, is a question not here presented for our determination, but which, however, was done in other preceding cases. In them we held that, although no appeal in any form would lie to this court, our original jurisdiction would be withheld, except in cases where the complaining litigant would sustain ''great and irreparable injury,'' and when he had no other adequate remedy. Our opinions in the cases of Natural Gas Prod-

ucts Company v. Thurman, 205 Ky. 100, 265 S. W. 475, and Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, defines the meaning of the phrase "great and irreparable injury" which would confer original jurisdiction on this court when exercising its authority conferred by section 110 of the Constitution. In them we held that the phrase did not embrace cases where the only loss was the small amount of the judgment (which was below the minimum for which the right of review by this court is allowed, as was true in the Litteral case) but that the words applied only when the effect of the court's conclusion was more far-reaching than that, and operated destructively against the business of the complaining party, or his property rights, brought about by repeated judgments—and other threatened ones of like nature to be rendered in the future—whereby such destructive consequences would be entailed, and which so appeared in the Thurman case, supra.

Perhaps more clearly stated, our interpretation of the original jurisdiction conferred upon us by section 110 of our Constitution, as pointed out in the two cases referred to (Thurman and Litteral, supra), confines it to situations so described therein, and that the necessary element of suffering "great and irreparable injury" is not present when only one judgment for an amount below the minimum authorizing a review by this court is all that it involved. However, it does appear when there is a multiplicity of such judgments with threatened rendition of others to such an extent as will result in destruction, and for which no adequate remedy is furnished by the law. Since, therefore, our invoked original jurisdiction is so restricted, and since in this case—as we have pointed out—there exists a remedy whereby the alleged erroneous ruling of respondent might be reviewed on appeal to this court, we conclude that of the three methods pointed out in the excerpt from American Jurisprudence, supra, the procedure adopted in this case by petitioner is not available. See, also, the later case of McFarland v. Gilbert, 276 Ky. 423, 124 S. W. (2d) 473, decided January 20, 1939.

There is no evidence in this case upon the issue made by the petition as amended and the response filed thereto, with reference to the introduction of additional testimony at the last trial of the case supra; nor are the proceedings had at that trial (whatever that may have been) made a part of this one in this court. But what-

ever may be the facts with reference thereto, we are firmly of the conclusion that this petition is not maintainable for the reasons pointed out supra, and also for the additional one as set out in the demurrer filed to the petition (and nowhere denied) that the motion for a new trial filed in the court of respondent, Northcutt, is yet pending and undetermined. That fact itself shows that the complained of action of the trial court has not become final and may be rescinded by him upon final action on that motion.

Wherefore, the mandatory process prayed for in the petition is denied, because of lack of jurisdiction in this Court, and the petition is dismissed.