## Sizemore v. Stivers, Judge.

May 30, 1941.

154

Roy W. House for petitioner.

Charles C. Smith and Wm. Lewis & Son for respondent.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Dismissing petition.

By this action in this court the petitioner, Hugh Sizemore, seeks to prohibit Hon. Franklin P. Stivers, judge of the Clay circuit court, from trying petitioner upon four indictments returned by the grand jury of Clay county.

It is alleged in the petition that at the January, 1941, term of the Clay circuit court Sizemore was indicted in four cases, each indictment charging him with the offense of being drunk in a public place; that bench warrants were issued upon all the indictments and the petitioner was arrested by the sheriff of Clay county and delivered to the jailer and lodged in jail; that while in jail in default of bond, and after he had made a good faith effort to execute bond, the facts were made known to Hon. T. R. Marcum, county judge, and that the clerk of the Clay circuit court was ordered and directed to copy the indictments, which was done, and that the four cases were set down for trial by the county judge, and the witnesses for both sides were summoned and the county attorney was duly notified; that the cases were tried in the Clay quarterly court, and the petitioner was found guilty under two of the indictments and his punishment fixed at a fine of $20 in one case and $10 in the other; and that he was found not guilty in two cases. It was further alleged that he satisfied the judgments of conviction by executing replevin bonds before the clerk of the Clay quarterly court; that the respondent, Hon. Franklin P. Stivers, judge of the Clay circuit court, has set said cases for trial at the present term of the Clay circuit court, and has announced that he intends to try the petitioner again and will, unless restrained by the orders and processes of this court, place the petitioner on trial on each and all of said indictments, and the juries who will try said cases will not inflict a fine of as much as $50 or imprisonment for more than thirty days, and petitioner will have no remedy by appeal. It is further alleged in the petition that Hon. T. R. Marcum, county judge, had jurisdiction of the subject-matter and of the person of the petitioner because he was in jail in default of bond, and the trials in the Clay quarterly court were not had for the purpose of ousting the Clay circuit court of its jurisdiction.

The respondent has filed a general demurrer to the petition and also a response in which he alleged that the petitioner left the state of Kentucky immediately after the return of the indictments and remained away until after the close of the January term of the Clay circuit court for the purpose of avoiding trials in that court on the indictments; that shortly after the close of the

January term of the Clay circuit court he returned to Clay county and was arrested by the sheriff on the bench warrants; that Fannie B. Sizemore, wife of petitioner, was the duly elected and qualified jailer of Clay county, but petitioner acted for his wife and was, in fact, actually in charge of the jail in Clay county performing all the duties of the office of jailer; that he was never delivered to the custody of the jailer, but was, in fact, turned over to himself because at the time of his arrest he was actually in charge of the jail and had the keys to the jail in his possession and went in and out of the jail at his pleasure and was never at any time restrained of his liberty; and that it was while he was pretending to be in jail under his own custody unable to execute bond that the county judge of Clay county tried him upon the four indictments. It was further alleged that the petitioner, while in his own custody, took himself before the county judge to be tried upon each of the indictments for the fraudulent purpose of divesting the Clay circuit court of jurisdiction of the cases.

It is argued that the petitioner was lodged in jail in good faith in default of bond after making a good faith effort to execute bond, and that the county judge had jurisdiction to try him by virtue of section 1073 of the Kentucky Statutes, which provides:

"When any person charged with a misdemeanor shall be lodged in jail in default of bail, it shall be the duty of the jailer to at once notify the county judge and county attorney of the fact, if the court in which the prisoner has been indicted, or before which he has been ordered to appear, is not in session."

Section 1074 of the Statutes prescribes the procedure. It is also argued that if his plea of former jeopardy is overruled by the circuit court and he is convicted and his punishment fixed at imprisonment for not more than thirty days or a fine of less than $50 he will have no remedy by appeal. The circuit court has jurisdiction to determine whether or not the trial of the petitioner in the circuit court on the four indictments is barred by the judgments of the quarterly court. The jurisdiction of the circuit court to try him on the indictments cannot be ousted by a trial in the quarterly court

fraudulently procured. Carrington v. Com., 78 Ky. 83; McDermott v. Com., 100 S. W. 830, 30 Ky. Law Rep. 1227; McDaniel v. Sams, 259 Ky. 56, 82 S. W. (2d) 215. The Court of Appeals, under the authority conferred upon it by section 110 of our Constitution, will not issue a writ of prohibition against a circuit court except upon the ground that the circuit court is proceeding, or is about to proceed, outside of and beyond its jurisdiction or that, though acting within its jurisdiction is acting erroneously and great and irreparable injury will result to applicant and there is no other remedy open to him. Swartz v. Caudill, 279 Ky. 206, 130 S W. (2d) 80. In the instant case, the circuit court has jurisdiction of the parties and the subject-matter.

No facts are alleged in the petition sufficient to give the Court of Appeals jurisdiction on the second ground. In an affidavit filed by the petitioner, he states that the respondent is prejudiced against him, and that he cannot have a fair trial in the Clay circuit court when presided over by respondent. This is a question that must be presented in the circuit court at the proper time in the form of a motion, supported by an affidavit, to require the circuit judge to vacate the bench. Hargis v. Swope, 243 Ky. 172, 47 S. W. (2d) 1017. No facts are alleged in the petition authorizing the presumption that respondent will abuse his judicial discretion as presiding judge in the case in which the petitioner is a defendant. In order for this court to exercise its original jurisdiction given by section 110 of the Constitution, facts must clearly appear authorizing it. Com. v. Howard, 276 Ky. 299, 124 S. W. (2d) 86. The petition fails to allege facts sufficient to authorize this court to exercise such jurisdiction. We have held that the original jurisdiction of the Court of Appeals cannot be invoked as a substitute for an appeal when no appeal lies. The exercise of such jurisdiction would be but an indirect method of granting an appeal and would nullify the Statutes limiting such right. Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; McFarland v. Gilbert, 276 Ky. 423, 124 S. W. (2d) 473. It is only when there is a multiplicity of threatened judgments for amounts below the minimum authorizing an appeal that this court will exercise its original jurisdiction on the ground that the inferior court, though acting within its jurisdiction, is acting erroneously and the litigant will

suffer great and irreparable injury and has no other adequate remedy. Auto Finance & Sales Company v. Northcutt, 277 Ky. 274, 126 S. W. (2d) 455; Natural Gas Products Company v. Thurman, 205 Ky. 100, 265 S. W. 475.

In the instant case, the respondent has jurisdiction to try the petitioner on the indictments and to determine whether or not the trials in the quarterly court constitute bars to further prosecutions. No trial has been had, and no judgment has been entered. The petitioner has not alleged facts from which we can anticipate that he will be erroneously convicted and will suffer great and irreparable injury. As was said in Standard Oil Company v. Linn, 32 S. W. 932, 933, 17 Ky. Law Rep. 832:

> "It is not contended the circuit court is without jurisdiction to try these indictments, and it must be conceded it has full and complete power to determine all questions pertaining to the trial made by counsel on either side. But with such a latitudinous construction given this provision of the constitution as we are asked to give, this court would convert itself into a tribunal of original jurisdiction, and in every case as to the validity of indictments, or of the sufficiency of any pleading in a civil action, this court could interfere, and direct the inferior court as to what the judgment should be."

The demurrer to the petition is sustained, and the petition is dismissed.