## Hatton, Justice of the Peace, v. Spencer.

May 29, 1942.

Henry L. Rudd, Elmer C. Roberts and F. T. Allen for appellant.

J. Douglas Graham for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Reversing.

On February 7, 1941, the appellant, A. R. Hatton, a justice of the peace of Wolfe county, issued a warrant for the arrest of Samp Spencer, who was then also a justice of the peace of that county, charging him with the offense denounced by Section 1092, Kentucky Statutes, of "signing or knowingly permitting his name to be signed to a blank warrant" as a justice of the peace.

For the offense with which he was charged, if guilty, he was subject to the fine prescribed by the statute of $10.

Spencer was arrested on said charge and executed bond for his appearance before Hatton to be tried on the charge on the day to which the trial of the case was passed upon Spencer's motion.

The appellee, Spencer, thereupon filed his petition in equity in the Wolfe circuit court, seeking a writ of prohibition against appellant Hatton's trial of him in his justice's court upon the ground averred, that appellant, Hatton, was so prejudiced against him that he would decide the case against him and that he was publicly declaring that, regardless of the evidence heard by him or the law, he would find plaintiff guilty upon the blanket charge against him and that defendant would not accord him a fair and impartial hearing on the charge and that the defendant, unless prohibited, would proceed to try the action and render judgment against him to his great and irreparable injury.

On the same day Spencer filed his petition, he had notice served upon the appellant justice of the peace

that he would apply to Judge Bach at Jackson on February 14 for the mandatory remedy or writ sought by his petition.

Motion was accordingly made before Judge Bach on February 14 for a writ prohibiting Hatton from trying Spencer, upon which the court, the defendant Hatton not appearing, granted a temporary order restraining him from taking any further steps in his court upon said charge until the motion made for the writ of prohibition should be decided by him. A copy of this order was delivered to Hatton on February 15.

On February 17 the court entered a further order reciting that:

"The plaintiff, Samp Spencer, * * * by counsel appeared before me on this the 14th day of February, 1941, and made motion for judgment in the above styled action. Notice having been given the defendant to appear here at the above date (and) the defendant failing to appear, it is now ordered that the cause in the above styled action shall be set down for final hearing on February 26, 1941 * * *."

This order of the court was also executed on the defendant Hatton, justice of the peace, on February 19, 1941.

On the same day, the plaintiff, Samp Spencer, by counsel moved the court for an order temporarily restraining the defendant, Hatton, from "further proceeding in the above styled action and from entering any judgments or orders against the said plaintiff, Samp Spencer, until the case is finally adjudicated."

Further the plaintiff, Spencer, by counsel moved the court for a writ of prohibition restraining the defendant, Hatton, from "proceeding to enter judgments or orders against the said plaintiff in the action referred to in plaintiff's petition or any other like action between the same parties."

Each of these motions were accordingly on February 19 executed on the defendant, Hatton.

Thereupon the plaintiff, Spencer, filed a second amended petition, therein setting out the restraining order of the court made February 14, as set out supra, and further alleging that the defendant had due notice of the application for said order and of the order made,

but that the defendant, in violation of the order and with full knowledge thereof, refused to obey the same and proceeded to try plaintiff upon the said charge, in his absence and when he was sick and unable to attend said trial or any hearing thereon, and to enter a fine of $10 and costs against him on said charge and, upon entering said judgment of conviction, forfeited his bond and wrongfully issued a capias against him for said fine and costs, which was placed in the hands of the sheriff to do execution thereon, all of which things were done before said motion for a writ of prohibition had been finally decided, and that the said sheriff is about to enforce the capias against him and that he has no remedy against said judgment by appeal. Further he alleged that the said trial, judgment, forfeiture of his bond and the issuing of said capias are all void and in direct violation of the orders of the court and in contempt thereof and, for such reason, that the defendant, Hatton, should be required to reconvene his court and set aside the judgment, orders and capias issued by him and should be fined and imprisoned for contempt of court. Further plaintiff alleged that he filed with defendant an affidavit disqualifying him from trying said case and that the defendant should vacate the bench in said cause and transfer same to another justice of the peace of Wolfe county who was not disqualified.

Also came the Commonwealth, through its county attorney, and asked to intervene and be made a party to the action, further stating that this case of the Commonwealth v. Samp Spencer, the trial of which before A. R. Hatton, as justice of the peace of Wolfe county, is sought to be prohibited, should be tried before another justice of the peace (as authorized by Section 1107, Kentucky Statutes) who will give him a fair and impartial trial and that the petition in this case as amended and the exhibits filed therewith show that the defendant, Hatton, will not give Spencer a fair trial and is disqualified to try said case, and was so at the time he attempted to try Spencer in his court on February 15, 1941, even though then prohibited by the temporary restraining order from trying said case; that Hatton's judgment and orders therein entered convicting said Spencer were void and same should be set aside and that Hatton should be required to vacate the bench and transfer the case to Justice Dorsey C. Rose or County Judge James Tyler, so that the case might be tried according to law and justice

done to all parties, since the fine, under the statute, could only be $10, from which no appeal can be taken.

Thereupon the defendant, Hatton, without waiving either his special or general demurrer filed to the petition, but insisting on same, filed answer, traversing the allegations of the petition and same as twice amended. Further, he affirmatively pleaded in his answer that as justice of the peace of Wolfe county, he had exclusive jurisdiction to try this misdemeanor case; that the circuit judge and county judge did not have jurisdiction; and that by reason thereof the circuit judge was without jurisdiction to make the order prohibiting him from trying the said case or to order set aside his judgment or to interfere in any way with him in the performance of his duties as justice of the peace of Wolfe county. He further denied that he meant to try the case without a jury for any reason other than that stated in Section 331, Criminal Code of Practice, wherein it is provided that:

"The issues of law and fact shall be tried by the justice, in all cases in which the only punishment is a fine of sixteen dollars or less. In other cases the defendant may demand that issues of fact be tried by a jury."

Further, he denied that plaintiff would suffer great and irreparable injury on account of defendant's alleged wrath. Wherefore he prayed that the proceeding against him be dismissed.

Thereupon, on February 26, 1941, the date set for the final hearing of the cause and determination of the question of plaintiff's right to a writ of prohibition, the following order was entered by the court:

"Came the plaintiff and filed written motion, duly served on defendant, and affidavit and moved the court for an order requiring and directing defendant to set aside judgment for fine of $10 and costs rendered by him in the case of Commonwealth of Kentucky v. Samp Spencer, and for an order of contempt against him, for violating prohibition in trying said case and the same having been heard at the time and place stated in said notice, it is ordered that the defendant set aside said judgment and fine in a reasonable time and that he take no further action to enforce the same, and the matters involved in said action, including the contempt proceedings,

are passed to the regular term of the April Wolfe circuit court.''

From this order defendant below, Hatton, justice of the peace, has prosecuted this appeal, insisting that his special demurrer filed to the petition, on the ground that the circuit court was without jurisdiction to grant plaintiff a writ of prohibition under the circumstances stated, should have been sustained and that the circuit court erred in overruling same and in refusing to dismiss the petition. He contends that even if the magistrate was disqualified and was proceeding erroneously in attempting to try his fellow justice of the peace, Spencer, on the aforesaid charge, he was still acting within his jurisdiction.

We are of the opinion that this contention is here properly urged and meritorious, inasmuch as the charge preferred against the appellee, Spencer, was that he signed or knowingly permitted his name to be signed to a blank warrant, for which offense the only punishment prescribed is a fine of $10.

Section 1093, Kentucky Statutes, prescribing the jurisdiction of justices, county, quarterly and police courts in penal and misdemeanor cases, states that:

> ''Justices, county and quarterly courts and the judges thereof, and police courts * * * and the judges thereof, shall have jurisdiction exclusive of circuit courts in all penal and misdemeanor cases, the punishment of which is limited to a fine of not exceeding twenty dollars, and jurisdiction concurrent with circuit courts of all penal cases and misdemeanor cases, the punishment of which is limited to a fine of not exceeding five hundred dollars, or imprisonment not exceeding twelve months, or both.''

The proceeding here sought to be taken by the appellant against the appellee justice was, by reason of the offense being punishable by a fine of only $10 (Section 1092, Kentucky Statutes) one exclusively within the jurisdiction of the justice court, as also provided by Section 1093, Kentucky Statutes, from which no appeal could be prosecuted to the circuit court. The circuit court was clearly without jurisdiction to entertain an appeal seeking a writ of prohibition against the defendant from trying the case and forbidding his further acting in the case or to mandatorily direct that he set aside

the orders entered therein, by reason of all such acts and rulings being exclusively within the jurisdiction of the defendant justice of the peace.

A writ of prohibition is defined by Section 479, Civil Code of Practice as "an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction."

The rule as to this is very clearly set out in the case of Pinkleton v. Lueke, Justice of Peace, 265 Ky. 84, 95 S. W. (2d) 1103, 1104, where there is quoted with approval the well settled rule here applicable and controlling as set out in Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451, 453:

"If the court sought to be prohibited by the proceedings filed in the circuit court has jurisdiction to entertain and determine the matters before it, then the circuit court may not prohibit it from doing so, although the jurisdiction so possessed by the inferior court has been, or is threatened to be, erroneously exercised, followed by irreparable and remediless injury. In the latter case relief may be had, by the applicant for the writ in the circuit court, only through an appeal to that court or to some other court having appellate jurisdiction in the matter; or, if the amount involved, or the nature of the cause pending in the inferior court, is such as that an appeal will not lie from any judgment that may be rendered by it, then this court  *  *  *  would have jurisdiction to grant the writ in case the inferior court was acting within its jurisdiction but erroneously, and great and irreparable damage would be sustained by the applicant for the writ, with no adequate remedy open to him. And therein lies the distinction between the jurisdiction of this court, under the authority conferred upon it by Section 110 of the Constitution, to issue such restraining writ against courts inferior to it, and the jurisdiction of circuit courts to issue such writs against courts inferior to them."

See, also, to like effect the case of Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537.

Section 25, Criminal Code of Practice, expressly provides that:

"The circuit court of any county may, by writ of

prohibition, restrain all other courts of inferior jurisdiction in the limits of the county from exceeding their criminal jurisdiction.''

In the instant case, it is clear that the appellant, Hatton, justice of the peace, was, under the provisions of Section 1093, Kentucky Statutes, acting within his exclusive jurisdiction when he proceeded to try the appellee, Spencer, upon the misdemeanor charge defined and denounced in Section 1092, Kentucky Statutes, as a misdemeanor, punishable by the one and only fine of $10, which brought the trial of such offenses within the exclusive jurisdiction of the justice's court.

From this it follows that the circuit court's jurisdiction being limited, under Section 25, Criminal Code of Practice, to issuing writs of prohibition restraining other courts of inferior jurisdiction in the county from exceeding or acting without their criminal jurisdiction, it did here err in overruling defendant's special demurrer, challenging the right of the circuit judge to interfere with his trying Spencer in his court, where he, at most, was proceeding erroneously but clearly within his jurisdiction.

We conclude, therefore, that the learned circuit judge erred in granting the writ of prohibition against defendant, since, even if the justice of the peace was proceeding erroneously in trying the appellee, the circuit court was unauthorized to assume jurisdiction and issue the writ, but the appellee should have applied to this court for a writ of prohibition rather than to the circuit judge.

For the reasons indicated, the judgment is reversed.