## Schlitz Brewing Co. v. Crowder, Judge.
## Sterling Brewers, Inc., v. Same.

Nov. 20, 1942.

Wheeler & Shelbourne and O. H. Brooks for petitioners.

Hubert Meredith, Attorney General, and Farland Robbins for respondent.

OPINION BY JUDGE FULTON—Dismissing Petition.

Prior to the time when Graves County became local option territory the Schlitz Brewing Company maintained along a highway of the county, on private property, a large wooden sign advertising Schlitz beer and Sterling Brewers maintained a number of similar signs advertising its product. After local option became effective in the county these advertising billboards were not removed.

Acting upon the theory that the signs constituted a distribution of handbills or posters in violation of KRS 242.250 (K. S. 2554c-19), the Commonwealth filed in the

quarterly court 71 penal actions against Schiltz and 373 penal actions against Sterling. Each of the penal actions contained five counts charging a violation of the statute on specified days the respective signs remained. Judgment was sought for a fine of from $20 to $100 on each count, a total of from $100 to $500 in each penal action.

Schlitz and Sterling filed these original actions in this Court seeking writs of prohibition against the county judge to prohibit him from proceeding with the trial of the actions. The two actions are heard and considered together since the same question is involved in both.

After alleging the facts giving rise to the filing of the penal actions, it is alleged in the petitions that the quarterly court is acting within its jurisdiction erroneously, that no appeal lies from judgments that might be rendered against the petitioners by reason of the fact that four of the counts of each penal action might be dismissed and judgment rendered for a fine of $20 on the remaining count, and that great and irreparable damage would be sustained by the petitioners. No fact was alleged in the petition establishing that the respondent was proceeding erroneously. The only allegation in this respect was that the respondent "will erroneously hold that it is guilty of the offenses charged, or will erroneously submit to juries the question of its guilt or innocence of such offenses" and thereby exercise its jurisdiction erroneously.

Most of the allegations of the petition were denied by the respondent and in the fifth paragraph of the response he pleads that the petitioners have filed no pleadings in the penal action, that he has not made any rulings of any kind in any of the cases and has not prejudged the cases or rendered any opinion in regard to any points involved therein.

By agreement of parties proof was taken by affidavits. A large number of affidavits were filed by the petitioners tending to establish the enormous expense to which they would be put in defending the penal actions as well as incidental injury to their business by having to send employees to attend the trials. These affidavits also tended to establish that the petitioners were not guilty of the offenses charged, even though the above mentioned statute was applicable, for the reason that they did not in fact maintain the signs along the highway.

So many opinions have been written· by this Court enunciating the law applicable to the issuance of writs of prohibition from this Court that it would serve no useful purpose again to review these decisions. For the purposes of the cases before us, it is sufficient to say that the law is definitely settled that a writ of prohibition will issue from this Court against a court inferior to the circuit court when it is 1) acting, or about to act, within its jurisdiction 2) erroneously, 3) no appeal lies from a judgment that might be rendered by it and 4) great and irreparable damage would be sustained by the applicant for the writ. Goodenough, Judge, v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451; Pinkleton v. Lueke, Justice, 265 Ky. 84, 95 S. W. (2d) 1103; Perry v. Bingham, 265 Ky. 133, 95 S. W. (2d) 1099. Conversely, the writ will not issue if the applicant's pleading and proof fails to demonstrate the existence of any one of these four requisites.

Applying this well settled rule to the controversies before us, there is no sufficient showing to justify the issuance of the writ since there is a complete failure of both allegation and proof to demonstrate the existence of the second requisite, that the respondent is proceeding, or about to proceed, erroneously.

The respective petitions merely allege that the respondent will erroneously find petitioners guilty or erroneously submit to juries the question of their guilt. This is a mere conclusion or surmise of the petitioners, no fact being alleged from which it could be anticipated that the petitioners would be convicted. That such an allegation or showing is insufficient was held in Sizemore v. Stivers, Judge, 287 Ky. 153, 151 S. W. (2d) 1059. In short, although a court may be acting, or about to act, within its jurisdiction in a case where there is no appeal from its judgment and great and irreparable injury might be sustained, nevertheless one against whom a charge is pending under these circumstances may not by a mere allegation of his belief that the court will act erroneously entitle himself to a writ prohibiting the court from proceeding in the cause. Some *fact* must be alleged sufficient to establish that the court is proceeding, or is about to proceed, erroneously.

Thus, though it be conceded, arguendo, that the quarterly court has jurisdiction to try these penal actions,

144

that the statute under which actions were instituted did not cover the maintenance of such signs or billboards, that a judgment might be rendered by the quarterly court from which no appeal would lie and that great and irreparable damage would be sustained by the petitioners, the petitioners have failed to show themselves entitled to the relief sought because of failure of allegation and proof to establish that the respondent is proceeding, or about to proceed, erroneously.

For aught that appears in the record, aside from the petitioners' mere allegation of belief, it may be that the respondent will hold that the existence of the signs was not a violation of the statute. He says he has not prejudged the cases. In the absence of any facts showing erroneous action on his part, or that he has in fact prejudged the cases, there is a complete failure to establish that he is proceeding, or about to proceed, erroneously. Unless he is so doing, the writ of prohibition should not issue against him.

It is ordered that the writs of prohibition be denied and that the petitions therefore be dismissed.