## Crowder v. Schlitz Brewing Co.
## Same v. Sterling Brewers, Inc.

Nov. 23, 1943.

Farland Robbins, and Hubert Meredith, Attorney General, for appellant.

Wheeler & Shelbourne and O. H. Brooks for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In Schlitz Brewing Co. v. Crowder, Judge, 292 Ky. 140, 166 S. W. (2d) 274, an original proceeding in this Court, we denied the writs of prohibition sought by the Brewing Companies to prohibit the county judge from proceeding with the trial of certain penal actions. The first two paragraphs of that opinion, which follow, reveal the grounds upon which the penal actions were based.

"Prior to the time when Graves County became local option territory the Schlitz Brewing Company maintained along a highway of the county, on private property, a large wooden sign advertising Schlitz beer and Sterling Brewers maintained a number of similar signs advertising its product. After local option became effective in the county these advertising billboards were not removed.

"Acting upon the theory that the signs constituted a distribution of handbills or posters in violation of KRS 242.250 (KS 2554c-19), the Commonwealth filed in the quarterly court 71 penal actions against Schlitz and 373 penal actions against Sterling. Each of the penal actions contained five counts charging a violation of the statute on specified days the respective signs remained. Judgment was sought for a fine of from $20 to $100 on each count, a total of from $100 to $500 in each penal action.''

The cases now before us involve the correctness of the ruling of the Graves Circuit Court in prohibiting the county judge from proceeding in the same penal actions. All parties urge us to pass upon the question of jurisdiction, even though the judge of the quarterly court had not been called upon to pass upon the question. Being of the opinion that is the principal question involved, we shall confine our consideration of the cases to that point, aside from the question of whether the clerk should have prepared the record and submitted it to this Court without the prepayment of costs.

Section 479 of the Civil Code of Practice authorizes a circuit court to prohibit an inferior court of limited jurisdiction if it is acting or is about to act out of its jurisdiction. Potter v. Gardner, Judge, 222 Ky. 487, 1 S. W. (2d) 537; Goodenough v. Kentucky Purchasing Co., 241 Ky. 744, 45 S. W. (2d) 451; Pinkleton v. Lueke, 265 Ky. 84, 95 S. W. (2d) 1103; Hatton v. Spencer, 290 Ky. 779, 162 S. W. (2d) 774.

A recovery of from $100 to $500 was sought in each of the penal actions herein involved. KRS 242.990 (KS 2554c-28) authorizes penalties for second and third offenses. The appellees insist that KRS 242.990 (KS 2554c-32) controls the jurisdiction of quarterly courts for offenses under the Local Option Act rather than KRS 25.010 (KS 1093) where the penalties exceed $100. The former section follows: ''Section 2554c-32. * * * Quarterly courts, and the judges thereof, justices of the peace and police courts, shall have concurrent jurisdiction with the circuit court in the trial of all offenses committed in their respective jurisdictions under the provisions of this Act, where the penalty which may be inflicted does not exceed a fine of One Hundred Dollars ($100) and imprisonment in the county jail not exceeding sixty days, and said courts shall always be open for

the trial of such offenses." This section limits the jurisdiction of a quarterly court to cases involving penalties not exceeding $100, whereas KRS 25.010 (KS 1093) limits the jurisdiction of such a court to $500. Since the penal actions charged violations of the Local Option Act, we believe KRS 242.990 (KS 2554c-32) to be controlling here. As a matter of fact the Local Option Act was passed subsequent to the general statute dealing with the jurisdiction of quarterly courts, and we have heretofore held that one charged with a violation of the Local Option Act should be tried thereunder. Stroud v. Commonwealth, 291 Ky. 588, 165 S. W. (2d) 172; Wilson v. Goodin, 291 Ky. 144, 163 S. W. (2d) 309.

We can not refrain from saying, in passing, that it is apparent to us the applicable part of KRS 242.250 (KS 2554c-19) was never intended to apply to such a situation as involved herein. That part of the section follows: "It shall be unlawful for any person, while representing either the buyer or seller, to distribute, solicit or receive contracts, proposals or orders for the purchase or sale of any intoxicating liquors, or to distribute any handbills or posters advertising the same in local option territory. * * *"

After the writs of prohibition were granted in this case, the trial judge overruled the motion of the county judge to require the circuit clerk, without prepayment of costs, to prepare and furnish him a complete transcript of the record to be used on the appeal to this Court. Subsequently, on July 2d, this Court overruled a motion in an action entitled "Farland Robbins, Graves County Attorney, Plaintiff, v. Virgil Seavers, et al., Defendants," to require the circuit clerk to furnish a transcript of the record without prepayment of costs. The circuit clerk had been made a party in that action. Thereafter amended statements of appeal were filed in the actions now under consideration seeking an appeal against Lewis Anderson, Clerk of the Graves Circuit Court, with the view of having the costs question again considered. As a matter of fact the disputed records are here, and it is from them that we have arrived at our conclusions on the main question involved. It seems to us the question, in so far as these cases are concerned, is a moot one, to say nothing of the fact that it was passed upon adversely to the appellant's contention in the case of Robbins v. Seavers, heretofore mentioned.

It follows from what has been said that we are of the opinion the judgments should be and they are affirmed, because the county judge was proceeding, or was about to proceed, out of his jurisdiction.

Whole Court sitting.