## Franklin County Distilling Co., Inc., v. Crowder et al.

June 6, 1947.

Elvis J. Stahr, Judge.

W. J. Webb for appellant.

Farland Robbins, L. R. Smith and McDonald & Boaz for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

This is another of a series of appeals to this court involving the right of the County Attorney of Graves County to prosecute on behalf of the Commonwealth and of the County Judge to try penal actions against various brewing and distilling companies for alleged violations of KRS 242.250 by the display of sign boards advertising intoxicating liquor in local option territory.

In Schlitz Brewing Co. v. Crowder, 292 Ky. 140, 166 S. W. 2d 274, an original proceeding in this court, a writ of prohibition sought by the brewing company to prohibit the County Judge from proceeding with the trial of certain penal actions was denied on the ground there was no showing the County Judge was proceeding or about to proceed erroneously within his jurisdiction. The brewing company then sought and obtained a writ of prohibition in the Graves Circuit Court prohibiting the County Judge from proceeding in the same penal actions, and on appeal to this court the judgment was affirmed on the ground that the County Judge was proceeding without his jurisdiction since a recovery of $100 to $500 was sought in each penal action and the jurisdiction of the Quarterly Court is limited under the Local Option Law to cases involving penalties not exceeding $100. Crowder v. Schlitz Brewing Co., 295 Ky. 822, 175 S. W. 2d 1003. In Crowder v. Franklin County Distilling Co., 297 Ky. 35, 178 S. W. 2d 928, ten penal actions, each containing five counts, were filed in the

Graves Quarterly Court, and judgment was sought for a fine of $20 to $100 on each count, a total of $100 to $500 in each penal action. The Franklin County Distilling Company brought an action in the Graves Circuit Court to enjoin the County Judge and County Attorney from proceeding further in the cases, and a permanent injunction was granted. The judgment was affirmed by this court on March 19, 1944, on the authority of Crowder v. Schlitz Brewing Co., supra. On May 27, 1944, the County Attorney of Graves County dismissed in the Graves Quarterly Court all of the counts except one in each pending penal action, and on the same day filed forty additional penal actions in which he sought, in the name of the Commonwealth of Kentucky, to recover a judgment of $20 to $100 in each case. Thereupon the Franklin County Distilling Company moved to redocket the case in which the County Judge and County Attorney of Graves County had been enjoined from proceeding further in the penal actions theretofore filed. The motion was sustained, and the Distilling Company then moved for a rule against the County Attorney and the County Judge requiring them to show cause why they should not be punished for contempt for violating the judgment in the case. This was on the theory that the judgment which had been affirmed by this court permanently enjoined the defendants from proceeding further in the ten penal actions then pending in the Graves Quarterly Court and from filing and entering any further actions or proceedings on the same or similar charges. The rule was issued, and the County Attorney and County Judge filed separate responses. Upon submission of the case the Circuit Court overruled the plaintiff's motion that the County Judge and County Attorney be adjudged in contempt of court for alleged violation of the injunction theretofore granted in the case, and the Franklin County Distilling Company has appealed.

The appellant's contention that the County Attorney and the County Judge of Graves County are in contempt of court, the former for dismissing four counts of the ten original penal actions and prosecuting the remaining count and for filing new penal actions each of which seeks the imposition of a fine of $20 to $100 and the latter for entertaining jurisdiction of the actions, is based upon a misconception of the terms and extent

of the judgment of the Graves Circuit Court granting an injunction in the original action and of the opinion of this court affirming that judgment. In the action instituted in the Graves Circuit Court, the Franklin County Distilling Company sought an injunction on the ground that the Graves Quarterly Court was without jurisdiction to try the penal actions pending before it since its jurisdiction in such cases is limited to a fine of $100. It was also alleged in the petition that a multiplicity of suits would result unless an injunction was granted. A circuit court has authority to prevent an inferior court from assuming jurisdiction only where the inferior court is proceeding or is about to proceed outside its jurisdiction. Potter v. Trivette, 303 Ky. 216, 197 S. W. 2d 245; Elliott v. Hamilton, 276 Ky. 343, 124 S. W. 2d 501; Civil Code of Practice, section 479; Criminal Code of Practice, section 25. When the Circuit Court entered a judgment restraining the defendants from proceeding further in the penal actions, it did so on the sole ground that the actions were not within the jurisdiction of the court and when this court affirmed the judgment it did so on the same ground. The only act enjoined was the prosecution of the pending penal actions, each of which sought recovery of penalties up to $500. The prosecution of a penal action within the jurisdiction of the Quarterly Court was not enjoined. In the opinion on the former appeal the court said: "The facts in this case are on all fours with the facts in Crowder v. Schlitz Brewing Company, 295 Ky. 822, 175 S. W. 2d 1003." The facts referred to in the statement necessarily were those in regard to the amounts sought to be recovered in each action as affecting the jurisdiction of the Quarterly Court, since the jurisdictional question was the only question considered or decided in the Schlitz Brewing Co. case. That this was the only question considered on the former appeal of the present case is evidenced by the order entered by this court when it overruled a motion to extend the opinion after the mandate had issued. That order read in part: "The above case was decided by this court on March 14, 1944, affirming the judgment of the Graves Circuit Court wherein it prohibited or enjoined the Quarterly Court of that county from trying certain penal actions filed against appellee, because the amount prayed for in

those actions exceeded the jurisdiction of the Quarterly Court. There was no determination of the merits of the case either by the Circuit Court or this one.''

The court did say in the opinion in the Schlitz Brewing Company case (295 Ky. 822, 175 S. W. 2d 1004): ''We can not refrain from saying, in passing, that it is apparent to us the applicable part of KRS 242.250 (KS sec. 2554c-19) was never intended to apply to such a situation as involved herein. That part of the section follows: 'It shall be unlawful for any person, while representing either the buyer or seller, to distribute, solicit or receive contracts, proposals or orders for the purchase or sale of any intoxicating liquors, or to distribute any handbills or posters advertising the same in local option territory. * * *' ''

This statement was dictum and was so recognized at the time, but it was judicial dictum not mere obiter dictum. It was made solely to discourage what the court deemed to be useless litigation. Appellees argue that the statement was made in the belief that all of the advertising signs or billboards were installed in Graves County before local option became effective and the owner merely failed to remove them after that date, but that a different rule applies where the alleged offense was committed after Graves County became local option territory and that all of the offenses in the penal actions involved in the present case occurred after local option became effective. Be that as it may, there has been no decision on the merits, and the appellees are entitled to such a decision if they so desire.

The Circuit Court correctly adjudged that the appellees were not in contempt, and the judgment is affirmed.