**RYHERD v. CARTER, Judge et al.**

Court of Appeals of Kentucky.
June 19, 1951.

J. Wood Vance, Jr., Vance & Vance, Glasgow, for petitioner.

Abe Carter, Tompkinsville, for respondents.

WADDILL, Commissioner.

This Court has previously granted the petitioner, Vol Ryherd a temporary writ of prohibition against the respondents, J. C. Carter, Jr., Judge of the Monroe Circuit Court and Mrs. Jessie Harlin, its Master Commissioner, from proceeding further in the case styled, Herman Ryherd et al., v. Vol Ryherd, now pending in the Monroe Circuit Court. The issuance of a temporary writ of this nature was permitted to meet the apparent exigencies of the case. Respondents have filed answer within the time allowed by the court's order. The cause is now before us to determine whether the writ should be made permanent or be dissolved.

The petition and response filed herein reflects that petitioner and others are defendants in an action pending in the Monroe Circuit Court styled Herman Ryherd et al. v. Vol Ryherd et al., wherein the plaintiffs, Herman and Guy Ryherd, seek to sell certain real estate for the purpose of a division of the proceeds of sale, which they claim is property jointly owned by themselves, Vol Ryherd, and others. It is conceded that summons was duly executed upon Vol Ryherd in that action and that he was served with notices regarding the taking of depositions in the case. Vol Ryherd did not file answer, nor did he appear and make defense.

About one year later the court rendered judgment ordering a sale of the property for the purpose of a division of the proceeds of sale, directing its master commissioner to sell the property according to law. After the property was advertised for sale by the master commissioner, Vol Ryherd filed in this Court a petition for temporary and permanent writ of prohibition.

■ This Court has held that it will grant a writ of prohibition under Section 110 of the Constitution, only when an inferior court is acting without jurisdiction or is acting within its jurisdiction but erroneously, and in such a manner that great and irreparable injury will follow therefrom, and the petitioner is without adequate remedy. Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955; Chesapeake & O. Ry. Co. v. Murphy, Judge., 314 Ky. 309, 234 S.W.2d 969; Schlitz Brewing Co. v. Crowder, Judge, 292 Ky. 140, 166 S.W.2d 274.

■ The allegations of the petition and the response thereto, concern the merits of the suit pending in the circuit court. The fact that petitioner failed to file answer and make defense to the suit seeking a sale of his alleged property, does not state sufficient grounds upon which this Court could issue the permanent writ. Petitioner has an adequate remedy by appealing if any wrong has been done him.

It is therefore ordered that the temporary writ of prohibition granted by this Court be and the same is dissolved; and the application that the writ of prohibition be made permanent, is denied, and the petition is dismissed at petitioner's costs.